George TAYLOR and Glenville Haldi, Plaintiffs-Appellants,

v.

S & D ENTERPRISES, LTD., a limited partnership, William F. Swearingen, and Richard D. Davies, Defendants-Appellees.

No. 79–1888.

United States Court of Appeals, Fifth Circuit.

Aug. 9, 1979.

Glenville Haldi, O. H. Williamson, Atlanta, Ga., for plaintiffs-appellants.

Charles L. Gregory, Arnall, Golden & Gregory, Allen I. Hirsch, Atlanta, Ga., for defendants-appellees.

Before CLARK, GEE and HILL, Circuit Judges.

BY THE COURT:

Appellants' second motion to extend the time for the filing of the transcript of proceedings in the above case is presently before the Court. One judge of the panel has conducted a conference with counsel. From that conference it appears that the notice of appeal was filed on March 5, 1979 making the complete record due to be filed on or before April 15, 1979. Although Rule 10(b) of Federal Rules of Appellate Procedure requires that, in such cases, the appellant make arrangements with the court reporter for the preparation of the transcript within ten (10) days of the filing of the notice of appeal, no such arrangements were made and the District Court filed only the pleadings in the case as and for the record on April 16, 1979.

On May 4, 1979, appellants' counsel (who is, also, one of the appellants) contacted the court reporter and learned that it would be necessary for a check in the sum of $560.00 to be forwarded before the transcript preparation could commence. Appellants did not respond. However, a second contact was had with the court reporter on May 21, 1979, and the reporter responded in writing on that date, repeating the charges required for the preparation of the transcript and reminding counsel of the earlier May 4th communication.

On May 25, 1979, appellants applied to the Court for an order extending the time for filing the transcript through July 2, 1979, it appearing that the court reporter would not be able to complete the then ordered transcript before that date. Appellants did not then forward any payment or make any request of the court reporter that the transcript be prepared. The Court granted that request for an extension

through July 2, 1979. However, because no arrangements had been made with the court reporter to commence the preparation of the transcript, the granting of the extension requested did not allow sufficient time for the transcript to be ordered and completed.

On June 28, 1979, for the first time since the notice of appeal had been filed on March 5th, appellants forwarded the check to the court reporter making satisfactory arrangements for the preparation of the transcript and, simultaneously, filed with the Court a motion for a further extension of time for its filing through August 2, 1979.

It thus appears that, while the notice of appeal was timely filed, three months and twenty-six days passed without any action having been taken by appellants to perfect the appeal. Thus, the filing of the notice of appeal was treated by appellants merely as a taking of an option to appeal the case should appellants later determine to do so.

The failure to order the transcript in anything approaching a timely fashion has not been due to excusable neglect, oversight, accident, or other fortuitous events. There were, during this period of time, telephone calls and correspondence between the appellants and the court reporter without, at any time, there having been placed an order or request that the transcript be prepared. Under such circumstances, it is appropriate that Rule 10(b), Federal Rules of Appellate Procedure, be invoked and that deliberate failure to abide that Rule result in a denial of the motion for extension of time.

The second motion to extend the time is DENIED and the appellants' appeal is DISMISSED.