McDONOUGH MARINE SERVICE, INC., etc., Plaintiff-Third Party Defendant-Appellant,

v.

The M/V ROYAL STREET, her engines, tackles etc., In Rem and Schieffler Brothers Marine, Inc., In Personam, Defendants-Third Party Plaintiffs.

MORTON CHEMICAL COMPANY, etc., Plaintiff-Third Party Defendant-Appellee,

v.

The M/V ROYAL STREET, her engines, tackles, etc., In Rem and Schieffler Brothers Marine, Inc., In Personam, Defendants-Third Party Plaintiffs.

No. 79–1839
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Dec. 13, 1979.

John J. Broders, Robert B. Bieck, Jr., New Orleans, La., for plaintiff-third party defendant-appellant.

John Poitevent, New Orleans, La., for plaintiff-third party defendant-appellee.

Before AINSWORTH, FAY and RANDALL, Circuit Judges.

* Fed.R.App.P. 34(a), 5th Cir. R. 18.

PER CURIAM:

Appellant McDonough Marine Service, Inc. seeks reversal of the district court's award of $17,725 against it in favor of Morton Chemical Company. The award represents the return of charter hire for a barge owned by McDonough and chartered by Morton for the period following the sinking of the barge. McDonough and Morton brought separate suits against the tugboat M/V Royal Street and its owner, Schieffler Brothers Marine, Inc., to recover damages for the sinking of the barge. The two actions were subsequently consolidated. Morton did not cross-claim against McDonough for return of the charter hire for the period following the barge's sinking, as provided for in the charter party, but the court granted this relief on the premise that the issue was tried by the implied consent of the parties. Fed.R.Civ.P. 15(b). McDonough contends that "the District Court Judge abused his discretion by amending the pleadings sua sponte after trial to add and grant judgment on an unpleaded cross-claim" against it in favor of Morton.

It is clear that under Fed.R.Civ.P. 15(b) the trial court could find implied consent of the parties to the trial of the unpleaded issue of refunding a portion of the charter hire. 6 Wright & Miller, Federal Practice and Procedure, § 1493; 3 Moore's Federal Practice, § 15.13(2). Thus, the trial judge can only be reversed if we conclude that his finding of fact (Finding No. 41), upon which the court concludes there was implied consent, was clearly erroneous. *McAllister v. United States*, 348 U.S. 19, 75 S.Ct. 6, 99 L.Ed. 20 (1954).

Appellant designated as the record on appeal only the pleadings, pretrial orders, and the findings of fact and conclusions of law of the trial court. Counsel failed, however, to provide a transcript of the testimony in the trial court. Thus, the court is without the record required by Fed.R.App.P. 10(b) which is essential to the determination of this appeal. In the absence of a transcript of the trial testimony, this court has no alternative but to affirm the decision of the district court. *United States v. Bob Lawrence Realty, Inc.*, 5 Cir., 474 F.2d 115, 126, *cert. denied*, 414 U.S. 826, 94 S.Ct. 131, 38 L.Ed.2d 59 (1973).

AFFIRMED.