CAROL TEUSCHER *vs.* PETER TEUSCHER.  May 7, 1980.  After her father-in-law's death, the wife filed a complaint in the Probate Court seeking modification of a 1974 divorce decree by reason of the changed circumstance that her husband had inherited in excess of $90,000.  Interrogatories were propounded to the husband and, despite requests by the wife and a court order requiring answers, the husband failed to answer the interrogatories, which related to his interest in his father's estate.  The wife filed a motion for sanctions seeking, inter alia: (a) that the defendant be held in contempt for failure to comply with discovery; (b) that the defendant be denied an opportunity to assert claims or defenses or to introduce evidence in opposition to the plaintiff's claim; and (c) that the defendant be ordered to assign to the plaintiff, within ten days of the order, all his interest in the estate of his father and that such property be thereafter the sole property of the plaintiff.  On May 10, 1978, the judge, without making any written findings, entered a "judgment on complaint for modification" holding the defendant in contempt and ordering the relief requested by the plaintiff in her motion for sanctions.  We note that there were post-judgment proceedings but that ultimately the May 10, 1978, judgment remained in effect.

If the previous financial statements filed by the husband are to be believed (the post-judgment proceedings cast doubt on these statements), the judgment, from which the defendant appeals, requires conveyance to the wife of all his assets except for tools and a car.  The consequences of such a judgment, in the total absence of any supporting memorandum of findings or reasons, "exceed[s] the bounds of reasonableness."  *Henshaw* v. *Travelers Ins. Co.*, 377 Mass. 910, 911 (1979).  See *Litton Business Tel. Sys., Inc.* v. *Schwartz, ante* 847 (1980).  See also Note, The Emerging Deterrence Orientation in the Imposition of Discovery Sanctions, 91 Harv. L.Rev. 1033, 1046-1047 n.82 (1978).  Findings and reasons are particularly important here as the allegations of fact contained in the complaint for modification, even if taken as "established" pursuant to Mass.R.Dom. P. 37(b)(2)(A), do not show that the wife is entitled to a transfer of the husband's entire inheritance under his father's will.  It is only the motion for sanctions that seeks such a transfer.

It has come to our attention that the judge who entered the judgment has retired. In these circumstances, rather than remand for findings, see *Litton Business Tel. Sys., Inc.* v. *Schwartz, supra,* we order the judgment of May 10, 1978, vacated and the matter remanded to the Probate Court to hear anew the plaintiff's motion for the imposition of sanctions. Such sanctions shall include the payment by the husband to the wife of all reasonable expenses, including attorney's fees, incurred by her in the proceedings brought by her in the Probate Court to enforce the discovery orders, and those incurred by her by reason of the husband's appeal to this court, the amount of all such expenses and fees to be determined by a judge of the Probate Court and to be paid within such time as may be required by the judge. Deciding as we do, we find it unnecessary to discuss whether the sanctions ordered constituted in effect a default judgment or whether a judge of the Probate Court may enter a default judgment as a sanction under Mass.R.Dom.Rel.P 37(b)(2)(C) (1975). See Comment 6A to Mass.R.Dom.Rel.P. 37, as appearing in 2 Rules of the Courts of the Commonwealth at M-38 (Mass. Continuing Legal Education 1975).

*So ordered.*

*Alan C. Kimenker* (*Mark A. White* with him) for the defendant.
*Gerald L. Nissenbaum* for the plaintiff.