Imprescia v. Imprescia.

ROSEMARIE IMPRESCIA vs. FRANCIS J. IMPRESCIA.

Suffolk.  March 18, 1983. — July 21, 1983.

Present: BROWN, KAPLAN, & DREBEN, JJ.

*Contempt. Practice, Civil,* Discovery, Default. *Rules of Domestic Relations Procedure.*

On appeal from a default judgment entered on a petition for contempt in a Probate Court as a result of the defendant's flagrant disregard of certain discovery orders, this court, considering the policy in the Massachusetts Rules of Domestic Relations Procedure (1975) against default judgments and the omission in Mass.R.Dom.Rel.P. 37(b)(2)(C) of default as a sanction for failure to comply with discovery, remanded the case to the Probate Court with instructions to impose on the defendant under rule 37(d), other appropriate sanctions.  [380]

LIBEL for divorce filed in the Probate Court for the county of Suffolk on May 30, 1973.

A complaint for contempt filed on March 13, 1979, was considered by *Fitzpatrick,* J.

*Anthony M. Traini* for Francis J. Imprescia.

*George P. Lordan, Jr.,* for Rosemarie Imprescia.

BROWN, J.  The defendant appeals from a default judgment of $53,451.70 entered in a Probate Court on the plaintiff's complaint for contempt of a divorce decree requiring the defendant to make payments of alimony and child support.  The judge's entry of the default judgment was made after the defendant's failure to comply with certain discovery orders.  Despite the flagrant conduct of the defendant, because of the policy in the Massachusetts Rules of Domestic Relations Procedure (1975) against default judgments and the omission in Mass.R.Dom.Rel.P. (domestic rules) 37(b)(2)(C) of default as a sanction for failure to comply with discovery, we think that the probate judge should

have explored the possibility of other sanctions. Contrast Mass.R.Civ.P. (civil rules) 37(b)(2)(C), 365 Mass. 799 (1974), which allows such a default. See also domestic rule 37(d) (1975), where in regard to sanctions, specific reference is made to paragraphs (A), (B), (C) and (D) of subdivision (b)(2) of the rule. See also *Teuscher* v. *Teuscher,* 9 Mass. App. Ct. 914, 915 (1980). Deciding as we do, we find it unnecessary to discuss whether a Probate Court judge has inherent power to default a party.

A decree nisi of divorce, entered October 17, 1973, incorporated an agreement of even date providing for alimony, child support, and other payments to be made by the husband. The husband alleges that on January 26, 1977, the parties entered into another agreement which altered materially the husband's financial obligations to the wife.

On March 13, 1979, the present complaint for contempt was filed alleging failure to comply with the 1973 decree. The husband pleaded compliance with the January 26, 1977, agreement as a defense to the alleged contempt. A notice to produce documents and interrogatories were served on the defendant's attorney in July, 1979. At this point it would be charitable to say that the ensuing performance by the husband was dilatory and intractable. The defendant did not produce all the documents requested, and he did not respond adequately to the various interrogatories.

On September 21, 1979, a judge of the Probate Court ordered the defendant to produce by October 31, 1979, the documents requested and otherwise to comply with discovery requests concerning events occurring after October 17, 1973. Although the defendant did produce some of the requested material, the defendant did not comply fully with this order and various other orders of court. In addition, the defendant did not answer all questions put to him during a deposition taken in July, 1980. As a result, counsel fees and expenses were levied against him in July, 1981, and paid. On November 9, 1981, the defendant again was ordered to produce by a date certain all the

documents requested and to provide answers to all deposition questions not answered or fully answered, or "a judgment shall enter on the contempt without further action by this court." The deposition questions were answered, but all the documents were not produced.

Although we recognize the frustration caused by the defendant's actions and although under the civil rules we would not say that the judge exceeded the discretion granted in civil rule 37(b)(2)(C), we think the availability of the sanction of default is significantly more restricted under the domestic rules. See, e.g., the comment explaining that a counterpart to civil rule 55, 365 Mass. 822 (1974), was omitted from the domestic rules because such a rule would have been "inappropriate to Domestic Relations cases." Mass. Ann. Laws, Rules of Domestic Relations Procedure, at 179 (1982).

We do not intend to indicate approval of any of the defendant's actions. The judge properly could (and did) impose monetary sanctions with regard to apparent dilatory or lackadaisical efforts to comply with the court's orders, and it is open to the judge on remand under domestic rule 37(d) to impose, if deemed warranted, any or all appropriate sanctions for such additional unjustifiable delay as may have occurred after November 9, 1981, attributable to the defendant. See *Ticchi* v. *Ambassador Cab, Inc.,* 11 Mass. App. Ct. 912 (1981). In imposing such sanctions, the judge may take into account the entire sad performance of the defendant.

The case is remanded to the Probate Court for further proceedings consistent with this opinion.

*So ordered.*