## PATTI Z. DOTEN *vs.* BRUCE E. DOTEN.

Plymouth. March 8, 1985. — June 10, 1985.

Present: HENNESSEY, C.J., WILKINS, ABRAMS, & LYNCH, JJ.

*Practice, Civil,* Appeal, Default. *Rules of Appellate Procedure,* Assembly of record. *Divorce and Separation,* Default, Notice. *Notice.*

The judge in a divorce case did not abuse his discretion in dismissing the defendant's appeal from a judgment entered after the defendant had failed to appear for a scheduled hearing, where the defendant had failed to order a transcript of necessary proceedings as required by Mass. R. A. P. 8 (b) (1) or to inform the plaintiff that the appeal raised no issues requiring a transcript, and where the judge was warranted in finding that the defendant's failure to comply with rule 8 (b) (1) "has been both deliberate and willful and has had as its only purpose to delay and obstruct the orderly and appropriate conclusion of this litigation." [138-140]

Where a judgment in a divorce case which was subsequently vacated had been entered after seven days of hearings, the judge was not required to hold new evidentiary hearings before entering a second judgment in place of the first. [140-141]

Where the defendant in a divorce case had had an adequate opportunity to present evidence at hearings prior to the entry of the first judgment in the case, and where, after that judgment had been vacated, the defendant failed to appear for a scheduled hearing, the judge did not err in entering a second judgment without giving the defendant any further opportunity to present evidence. [141-142]

Where the defendant in a divorce case had actual notice of a scheduled hearing as a result of a telephone conversation with plaintiff's counsel, he was not entitled to ignore the hearing and raise his objections to the sufficiency of the notice at a time more convenient to him. [142-143]

COMPLAINT for divorce filed in the Plymouth Division of the Probate and Family Court Department on April 22, 1980.

The case was heard by *James R. Lawton,* J., and a motion to dismiss an appeal was heard by him.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*John J. Perenyi* for the defendant.

*Ira L. Lipman* for the plaintiff.

BY THE COURT. The defendant appeals from an order of the Probate Court dismissing his appeal from a judgment nisi of divorce because of his failure to order a transcript, as required by Mass. R. A. P. 8 (b) (1), as appearing in 378 Mass. 924 (1979). We transferred the case to this court on our own motion, and we affirm.

The defendant argues that his appeal should not have been dismissed for failure to order a transcript since no evidentiary hearing occurred from which a transcript could have been made. Alternatively, he challenges the judge's finding that this failure was the product of inexcusable neglect. The defendant also raises several points relating to the merits of his dismissed appeal. He contends that, once the judge had vacated the first judgment nisi of divorce, he was required to hold new evidentiary hearings before a new judgment could be entered. He also argues that he was improperly "defaulted" of the opportunity to present new evidence because of his failure to appear at a hearing scheduled for that purpose. Finally, the defendant claims that he was not required to appear at the hearing because he did not receive adequate legal notice of the hearing date. We reject each of these contentions.

The following facts appear in the record. The parties were married in 1973 and separated in January, 1980. On April 22, 1980, the plaintiff filed a complaint for divorce, alleging cruel and abusive treatment. In March, 1981, the defendant also filed a complaint for divorce. The cases were tried at seven hearings held during 1982, and on October 18, 1982, the parties concluded a separation agreement. Judgment nisi of divorce, incorporating the terms of that agreement, was entered on the same day. The defendant then "appealed" from that judgment on November 17, 1982, apparently because the plaintiff allegedly was not complying with the terms of that agreement.[1]

---

[1] The separation agreement and the first judgment are not included in the record. Presuming that the judgment did not differ from the agreement, we note that the judge would have been warranted in dismissing the defendant's "appeal." Once the defendant had consented to the separation agreement,

Claiming that the defendant's appeal effectively repudiated the separation agreement, the plaintiff moved to vacate the judgment incorporating that agreement (first judgment) on the ground of fraud. The judge granted this motion on March 4, 1983, and ordered the case returned to the trial list at the earliest available date, including any dates that a cancellation might make available. The trial was initially scheduled to occur in September, 1983, but a cancellation made available the dates of May 10 and 12, 1983, instead. When the parties were given notice by telephone of the new dates, the defendant objected, claiming that May 10 was inconvenient for a variety of reasons.[2] The judge declined to continue the case, and considered the defendant's request to be "in keeping with his general sport of delaying the right of the plaintiff to proceed on her complaint and to bring these proceedings to an orderly conclusion."

The defendant did not appear on May 10, and the judge decided that the defendant had thereby waived his right to

he was not at liberty to attack by appeal the judgment which incorporated that agreement. The defendant could have sought relief from that judgment on any of the grounds available under Mass. R. Dom. Rel. P. 60 (b) (1975). See, e.g., *Ross* v. *Ross,* 385 Mass. 30, 32 (1982) (reversal of prior judgment); *Robbins* v. *Robbins,* 16 Mass. App. Ct. 576, 580-581 (1983) (newly discovered evidence); *Grindlinger* v. *Grindlinger,* 10 Mass. App. Ct. 823 (1980) (coercion, duress and undue influence). See also *Scholz* v. *Scholz,* 367 Mass. 143, 145 (1975) (fraud or mistake). Alternatively, he could have brought a contempt action if he felt that the plaintiff was not abiding by the judgment. Or, on a showing of changed circumstances, he could have sought a modification of the judgment. See *Schuler* v. *Schuler,* 382 Mass. 366, 368 (1981).

[2] Among the reasons alleged by the defendant (who was not employed) were: that the week set for trial was National Small Business Week, during which the defendant was scheduled to attend certain functions; that the following week was National Transportation Week, for which the defendant was involved in organizing activities; that he wanted to attend a board meeting of the Alliance Francaise and a dinner given by the South Shore Chamber of Commerce on May 10; that there was insufficient time to reach his witnesses and that he needed more time to earn the money to pay them; that he planned to spend all his time with his children on the weekend before trial; that his files were disorganized; and that he needed more time before trial to help his children with cub scouts and church activities. Although the defendant had written that he would not be ready for trial until September, he did appear on May 12.

present further evidence. On August 4, 1983, a new judgment nisi of divorce (second judgment) was entered, which conformed in most respects to the original separation agreement. The defendant filed a timely notice of appeal from the second judgment, but on September 26, 1983, the judge granted the plaintiff's motion to dismiss the appeal for the inexcusable failure to order a transcript. The defendant now appeals from that dismissal, and presses the merits of his dismissed appeal as well.

1. *Dismissal of the appeal.* Within ten days of filing his notice of appeal from the second judgment, the defendant was required to order from the court reporter a transcript of such parts of the proceedings as he deemed necessary. Mass. R. A. P. 8 (b) (1). Doing so is an "act reasonably necessary to enable the clerk to assemble the record" (Mass. R. A. P. 9 [c] [1], as appearing in 378 Mass. 924 [1979]), and failure to perform this act entitles the lower court, on a finding of inexcusable neglect, to dismiss the appeal. Mass. R. A. P. 10 (c), as appearing in 378 Mass. 924 (1979).[3] See *Points East, Inc.* v. *City Council of Gloucester,* 15 Mass. App. Ct. 722, 723 (1983).

The defendant admits that he did not order any transcript; nor did he attempt to cure his noncompliance after the plaintiff's motion was made and before the judge's decision. Instead, the defendant asserts that he could not have ordered a transcript of the May 10 hearing because, as a consequence of the defendant's failure to appear, nothing occurred on that date that would have been recorded in a transcript.

The defendant is correct that he was not required to order a transcript of the May 10 hearing because "[n]o evidentiary hearing had been held . . . , and thus there was no transcript to be ordered." *Maurice Callahan & Sons* v. *Outdoor Adver-*

---

[3] Rule 10 (c) states: "If any appellant in a civil case shall fail to comply with rule 9 (c) . . . , the lower court may, on motion with notice by any appellee, dismiss the appeal, but only upon a finding of inexcusable neglect; otherwise, the court shall enlarge the appellant's time for taking the required action. If, prior to the lower court's hearing such motion, the appellant shall have cured the noncompliance, the appellant's compliance shall be deemed timely."

*tising Bd.,* 376 Mass. 135, 136 (1978). See *Reiter Oldsmobile, Inc.* v. *General Motors Corp.,* 6 Mass. App. Ct. 637, 640 (1978). But that correct statement of the law is irrelevant to this case. The defendant was appealing from a judgment based on evidence from seven days of hearings held during 1982, prior to the first judgment. At each of those hearings, the proceedings were recorded either by a stenographer or by electronic tape. If the defendant intended to base his appeal on anything that transpired during those hearings, he was required to order a transcript. The fact that the papers involved in the case were somehow lost or misplaced does not relieve the defendant of this requirement, since the record indicates that the recordings of those hearings were available. Even if we assume that the defendant believed that his appeal raised no issues requiring a transcript of the evidence, he was required to state as much to the plaintiff. See rule 8 (b) (1). See also *Points East, Inc.* v. *City Council of Gloucester, supra* at 724. Since the plaintiff maintains that a transcript of the proceedings prior to the first judgment was necessary to establish the propriety of the second judgment, which was being appealed, the plaintiff would then have had the opportunity to inform the defendant of that fact and to require the defendant to order such a transcript. See rule 8 (b) (1).

The defendant also disputes the judge's finding that his failure to proceed properly under rule 8 (b) (1) was the result of inexcusable neglect. The judge made written findings in support of his decision to dismiss the appeal. See *Tammaro* v. *Colarusso,* 11 Mass. App. Ct. 44, 47 n.7 (1980). He found that all the exhibits were in the possession of the court and that no transcripts of the evidence had been made because the defendant had not ordered them. The judge also found that the defendant's failure to comply with rule 8 (b) (1) "has been both deliberate and willful and has had as its only purpose to delay and obstruct the orderly and appropriate conclusion of this litigation and to further harass, humiliate and torment the plaintiff." Since no justifiable reason has been put forth as to why the defendant failed to comply with the rules of appellate procedure, we cannot say that the judge's finding of inexcusable neglect was not warranted here.

Of course, dismissal of the appeal in this case is not mandatory, and we are free to consider whether equity requires that procedural flaws be overlooked. *Vyskocil* v. *Vyskocil,* 376 Mass. 137, 140 (1978). *Gilmore* v. *Gilmore,* 369 Mass. 598, 602-603 (1976). See Mass. R. A. P. 3 (a), as amended, 378 Mass. 924 (1979). Nevertheless, we recognize that filing a notice of appeal is not to be treated "merely as a taking of an option to appeal the case should appellants later determine to do so." *Taylor* v. *S & D Enterprises, Ltd.,* 601 F.2d 175, 176 (5th Cir. 1979). Instead, "[t]he responsibility for expediting the appeal [is] squarely on the appellant." *Mailer* v. *Mailer,* 387 Mass. 401, 407 (1982). In this case, the defendant has advanced no reason to consider his failure to order a transcript (and his failure to cure) merely "an inconsequential breach" of the rules. *Gilmore* v. *Gilmore, supra* at 603. See *Superintendent of Worcester State Hosp.* v. *Hagberg,* 374 Mass. 271, 273-274 (1978) (appellant "had not been at all derelict"); *Schulte* v. *Director of the Div. of Employment Sec.,* 369 Mass. 74, 79 (1975) ("relatively innocuous" misstep). Rather, the situation the defendant now finds himself in "was entirely due to his own inaction." *Dorrance* v. *Zoning Bd. of Appeal of N. Attleborough,* 7 Mass. App. Ct. 932, 933 (1979). See *Goldstein* v. *Barron,* 382 Mass. 181, 186 (1980) (no relief for "garden-variety oversight").

Nor can the defendant persuasively argue that the resultant delay did not prejudice the plaintiff in this five year old divorce case, already prolonged by the defendant's improper appeal of an earlier judgment to which he had agreed. Compare *Tammaro* v. *Colarusso, supra* at 49. The plaintiff here is "entitled to the progress of [the appeal] with reasonable dispatch and to some protection against purposeful stretching out of appellate proceedings." *Points East, Inc.* v. *City Council of Gloucester, supra* at 726.

2. *Merits of the appeal.* Even if this court were to overlook the defendant's neglect in pursuing his appeal, reversal of the second judgment is not warranted on the merits of the case.

a. *Necessity of an evidentiary hearing.* The defendant argues that, once the judge had vacated the first judgment, he was

required to hold new evidentiary hearings before a new judgment could be entered. The defendant apparently reasons that, as a consequence of the first judgment's being vacated, all evidence associated with that judgment must be treated as nonexistent. We do not agree.

As the defendant points out, a hearing is required before any division of property in a divorce action. In *Bianco* v. *Bianco,* 371 Mass. 420, 423 (1976), this court held that "the record must show beyond doubt that the judge considered all the factors set forth by [G. L. c. 208, § 34]." See *Rice* v. *Rice,* 372 Mass. 398, 401 n.3 (1977). The judge made the required findings in this case, and, since the defendant has not ordered a transcript of the evidence, we must assume that those findings were adequately supported. See, e.g., *McDonough Marine Serv., Inc.* v. *M/V Royal St.,* 608 F.2d 203, 204 (5th Cir. 1979); *Matter of Colonial Realty Inv. Co.,* 516 F.2d 154, 160 (1st Cir. 1975).

In this case, we hold that the judge was not required to conduct new evidentiary hearings before issuing the second judgment.[4] To require that the judge expunge from his mind all the prior testimony introduced at hearings involving the same issues and parties just because the prior judgment was vacated would neither be practical nor contribute to a speedy resolution of divorce cases and a conservation of judicial resources.

b. *Default.* Nevertheless, the defendant maintains that the judge should not have deprived him of an opportunity to present new evidence because he failed to appear for the hearing on May 10. The driving force of this argument is his assertion that the concept of default is completely inapplicable in domestic relations cases. We decide that the defendant's interpretation goes too far.

The court has recognized "the traditional policy against default *judgments* in domestic relations cases" (emphasis added).

---

[4] We do not intend to suggest that there are no cases where an evidentiary hearing may be appropriate or even required after a prior judgment has been vacated.

*Imprescia* v. *Imprescia,* 392 Mass. 101, 104 (1984). In that case, we held that a default judgment of contempt of a divorce decree for failure to comply with discovery orders was not proper when other, less severe sanctions were available. *Id.* at 104-106. See *Teuscher* v. *Teuscher,* 9 Mass. App. Ct. 914 (1980). But this case does not involve a default judgment. It involves only the defendant's being deprived of the opportunity to present additional evidence, in a case where he has already had an adequate opportunity to present evidence at prior hearings. In *Imprescia,* we did not rule out any sanctions for procedural abuses in domestic relations cases. Indeed, we expressly held that a sanction precluding the presentation of evidence could be appropriate in certain situations. *Id.* at 105-106. We cannot say that the judge erred by imposing this sanction here.

c. *Notice.* Finally, the defendant claims that the reason he did not appear on May 10 was that he did not receive legally sufficient notice of that hearing. The defendant asserts that the only notice he received came from a telephone conversation with the plaintiff's counsel on May 6, and that such notice does not comport with Rule 29 of the Rules of the Probate Court (1979), or Rule XI of the New Uniform Practices of Probate Courts (1974). We conclude that notice was sufficient.

Nothing in the record suggests that the defendant objected to the judge's scheduling decision to hear the case at the first available date, including dates made available by cancellations. More importantly, the defendant does not dispute that he received actual notice of the hearing date on May 6. Indeed, he independently confirmed this date with the Probate Court.

There is no question that the defendant had constitutionally adequate notice, since all that is required is that notice be "reasonably calculated to give . . . actual notice of the proceedings and an opportunity to be heard." *Commonwealth* v. *Olivo,* 369 Mass. 62, 68 (1975), quoting *Milliken* v. *Meyer,* 311 U.S. 457, 463 (1940). See *Mullane* v. *Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950). See also *Opinion of the Justices,* 365 Mass. 681, 693 (1974); *Milton* v. *Massachusetts*

*Bay Transp. Auth.,* 356 Mass. 467, 471 (1969).[5] What the defendant essentially argues is that, even if he receives actual notice, if in his opinion that notice is inadequate, he has no duty to appear in court. That contention is clearly without merit. No valid reason appears why it was not possible for him to appear. Had he done so, he could have presented his objections to the method of notice and any reasons why he did not have sufficient time to prepare. He could have then requested additional time, and if that request had been denied, that ruling could have been reviewed on appeal. Simply put, once the defendant had actual notice of the hearing, he did not have the option of ignoring it and of saving his objections for a time more convenient to his schedule.

*Order dismissing appeal affirmed.*

---

[5] Assuming, without deciding, that the various court rules and practices cited by the defendant were not followed, we conclude that his position is not advanced. Having received and confirmed actual notice, he can complain of no prejudice causing his failure to appear.