*Thomas L. Campoli* for the defendants.
*John A. Agostini* for the plaintiffs.

COMMONWEALTH *vs.* GARY GEORGE. No. 87-740. May 4, 1988. Further appellate review granted, 403 Mass. 1101 (1988). *Practice, Criminal,* Appeal.

The docket entries on the only remaining indictment (one for armed robbery) disclose that the defendant was notified of his right to appeal (Mass.R.Crim.P. 28[c], 378 Mass. 898 [1979]) at the time he was sentenced on December 2, 1985. They also disclose a timely appeal (later withdrawn) to the Appellate Division of the Superior Court but no appeal to this court within thirty days after imposition of sentence, as required by Mass.R.A.P. 4(b), as appearing in 378 Mass. 929 (1979). On June 23, 1986, trial counsel for the defendant filed in the Superior Court, and on August 7, 1986, the trial judge purported to allow, a motion styled as one to "enter appeal late." [1] No notice of appeal was thereafter filed, but the case somehow found its

---

[1] The motion was distinctly not one to correct the docket to reflect a filing which might have gone astray after reaching the clerk's office. See *Barry* v. *Commonwealth,* 390 Mass. 285, 289 & n.7 (1983); *Commonwealth* v. *Dias,* 12 Mass. App. Ct. 282, 286 (1981). Appellate counsel for the defendant, in later proceedings before the single justice, all but conceded that the motion filed by his predecessor was one for leave to file a notice of appeal late.

way onto the appellate docket of this court on June 26, 1987. The Commonwealth moved to dismiss the "appeal" as untimely. By that time, the one-year period within which the single justice could have allowed a late appeal (Mass.R.A.P. 14[b], as appearing in 378 Mass. 939 [1979]) had long since expired. The single justice denied the Commonwealth's motion because she thought it "clear from the allowance of the motion to enter appeal late that the motion was deemed to be a notice of appeal and was and is to be treated as such." The Commonwealth appealed. We find it unnecessary to decide whether we would agree with the single justice's interpretation of the defendant's motion and the order thereon (see *Commonwealth* v. *Bouvier*, 399 Mass. 1002, 1003 [1987]; *Commonwealth* v. *Rosberg*, *ante* 949, 950 [1988]) because any notice of appeal which might have been filed by the defendant pursuant to the purported allowance of his motion would have run afoul of the thirty-day time limitation set out in Mass.R.A.P. 4(c), as appearing in 378 Mass. 929 (1979), and would have been a nullity. *Commonwealth* v. *Lopes*, 21 Mass. App. Ct. 11, 16 (1985). *Commonwealth* v. *Boutwell*, 21 Mass. App. Ct. 201, 205 (1985). It follows that the single justice's interpretation avails the defendant nothing.[2]

*"Appeal" dismissed.*

*Bruce R. Taub* for the defendant.
*Robert J. Bender*, Assistant District Attorney, for the Commonwealth.

---

[2] It may be that the Supreme Judicial Court, upon a showing of a meritorious case, could grant the defendant relief under G. L. c. 211, § 3 (see *Miranda* v. *Commonwealth*, 392 Mass. 420, 421-422 & n.1 [1984]; *Commonwealth* v. *Preziosi*, 399 Mass. 748, 750 [1987]), "but neither a trial judge nor a single justice of this court has any authority under § 3." *Commonwealth* v. *Lopes*, 21 Mass. App. Ct. at 16.

