Per Curiam.
This is a motion by the plaintiff for relief following the trial courts dismissal of his notice of appeal and denial of his motion to file an amended notice of appeal.
The relevant procedural chronology is as follows: The plaintiff commenced this action in 1993 to recover for the alleged breach of contract, breach of implied covenant of good faith, unjust enrichment, negligence, and G.L.c. 93A unfair and deceptive practices by the defendant-mortgagees in their 1992 foreclosure sale of realty which the plaintiff had purchased from the defendants two years earlier. On December 2, 1994, the trial court (Merrick, J.) allowed the defendants’ Dist./Mun. Cts. R. Civ. P, Rule 41(b) (2) motion for involuntary dismissal at the close of the plaintiffs case. No judgment was ever entered pursuant to Dist./Mun. Cts. R. Civ. P., Rules 58(a) and 79(a).[2]
On December 28, 1994, the plaintiff filed a notice of appeal “pursuant to Mass. R. A. P. 3(a) ... to the Appeals Court” and a “Request for Transcript of Proceedings.” Between December 28, 1994 and February 8, 1995, the plaintiff obtained cassette copies of the trial tape, secured the court’s appointment of a transcriber and notified the defendants of such appointment and of his designation of portions of the tape.
On February 8, 1995, the very last day on which the trial court could have allowed a Dist./Mun. Cts. R. A. D. A., Rule 4(c) extension, the defendants filed a motion to dismiss the plaintiff’s appeal for his failure to comply with Dist./Mun. Cts. R. A D. A, Rule 4(a) by filing a timely Dist./Mun. Cts. R. A. D. A, Rule 3(c) notice of appeal to this Appellate Division (rather than the Appeals Court) and by making timely payment of the entry fee required by Dist. Mun. Cts. R A D. A, Rule 3(a). The plaintiff submitted written opposition, and also filed a motion to amend his notice of appeal and to file a Dist./ Mun. Cts. R. A. D. A, Rule 8C notice (i.e., Appeal on the Record of Proceedings).
The motion judge (A. Sullivan, J.) denied the plaintiff’s motion to amend and *92 allowed the defendants’ motion to dismiss, stating in relevant part:
The plaintiffs motion is a backdoor effort of [sic] avoiding the time limits of Dist./Mun. Rules ADA for [sic] (a). To allow this motion would be to vitiate the 10 day limit of Rule 4(a) and its other limits in subsection (c) and the two requirements of Rule 3(a) [sic] ‘the timely filing of the notice of appeal and payment of filing fee.’
The plaintiff has failed to pay the filing fee in a timely fashion as required by Dist./Mun. ADA [sic] Rule 3(a). Per the Rule this is a sine qua non...
The plaintiff thereafter filed the motion now before us.[3]
1. It is essential at the outset to address the defendants’ erroneous contention in oral argument[4] that this Division lacks the necessary jurisdiction either to entertain the plaintiff’s present motion or even to have reviewed the trial court’s allowance of the defendants’ motion to dismiss had the plaintiff perfected an appeal therefrom. With respect to the latter, authority to review rulings of law entered in a district court civil action and appealed by the aggrieved party is expressly conferred upon this Division by G.L.c. 231, §108 and Dist./Mun. Cts. R. A D. A, Rule 1.
Nor is review and relief by this Division precluded because of the plaintiff’s failure to perfect an appeal of the court’s rulings pursuant to Dist./Mun. Cts. R. A. D. A., Rules 8A, 8B or 8C. First, the plaintiff’s motion may be properly treated as a Dist./Mun. Cts. R. A. D. A., Rule 14(b)[5] motion for an enlargement of time to file the notice of appeal and fee required by Dist./Mun. Cts. R. A. D. A., Rule 3(a). It is established that an appellate court may entertain a Rule 14(b) motion for an enlargement of time irrespective of the denial by the trial court of a prior Rule 4(c) extension motion.[6] Bernard v. United Brands Co., 27 *93 Mass. App. Ct. 415, 418 (1989).[7] Rules 4(c) and 14(b) are not mutually exclusive procedural alternatives, and an appellant who suffers a Rule 4 (c) denial is not limited to the appeal of such ruling as his sole remedy for late filing. Id. at 418. See also, Harvard Community Health Plan, Inc. v. Board of Assessors of Cambridge, 384 Mass. 536, 537 n. 2 (1981). Contrary to the defendants’ contention, there is nothing in the Commentary to Dist/Mun. Cts. R.A.D.A., Rule 14(b) which requires a different conclusion.[8]
The plaintiffs motion may also be properly treated as one addressed to the Appellate Division’s exclusive authority under Dist./Mun. Cts. R.A.D.A., Rule 2[9] to suspend Rules’ requirements. Id. See generally, Massachusetts Commonwealth v. Corsetti, 387 Mass. 1, 3 n. 3 (1982); In the Matter of Earle N. Spring, 380 Mass. 629, 642 (1980). Rule 2 empowers an appellate court, in the exercise of its discretion, to permit the late filing of an appeal for good cause shown. Commonwealth v. Guaba, 417 Mass. 746, 750 (1994); Mood v. Kilgore, 384 Mass. 459, 465 (1981).
2. Having determined that the plaintiffs present motion is properly before this Division pursuant to either Rule 2 or Rule 14(b) of the Dist./Mun. Cts. R. A D. A, we conclude that the relief sought by the plaintiff is unnecessary.
It is an elementary principle that “appellate review may proceed only from a final judgment.” Lalonde v. Lalonde, 28 Mass. App. Ct. 969 (1990). See also, e.g., Bragdon v. Bradford O. Emerson, Inc., 19 Mass. App. Ct. 420, 422-423 (1985). Pursuant to Dist/Mun. Cts. R.A.D.A., Rule 4(a),[10] the ten day period for filing a notice of appeal and paying the filing fee runs from the due of entry of judgment. See generally, Standard Register Co. v. Bolton Emerson, Inc., 35 Mass. App. Ct. 570, 571-572 (1993). The trial court’s allowance of the defendants’ involuntary dismissal motion in this case did not constitute an entry of judgment. See Nantucket Land Council, Inc. v. Planning Board of Nantucket, 5 Mass. App. Ct. 206, 207 (1977). A judgment is effectively entered and thus appealable only when set forth on a separate document and entered chronologically as such on the docket as mandated by Dist./Mun. Cts. R. Civ. P., Rules 58(a) and 79(a). As the trial courfs Rule 41(b) (2) order of dismissal was never recorded on the appropriate, separate form, nor *94 entered anywhere on the docket as judgment, no appealable judgment was entered or exists in this case. Levy v. Bendetson, 6 Mass. App. Ct. 558, 560-561 (1978); Tisei v. Building Inspec. of Marlborough, 5 Mass. App. Ct. 328, 330 (1977).[11]
Thus the ten day period for initiating an appeal by the plaintiff herein has not yet commenced. Obviously, there is no need for an extension or enlargement of time for complying with Rule 4(a) where the time for appeal has not yet expired. Krupp v. Gulf Oil Corp., 29 Mass. App. Ct. 116, 120 (1990). The motion judge’s allowance of the defendants’ motion to dismiss, thus constituted, as a practical matter, little more than an unnecessary dismissal of a premature notice of appeal. The plaintiff’s filing of a proper Rule 3(a) notice of appeal and filing fee payment within ten days of an entry of judgment by the trial court clerk is neither precluded by the motion judge’s dismissal order, nor dependent upon any action by this Division on the plaintiff’s present motion.
3. Given the present nascent stage of construction of the Dist./Mun. Cts. R. A D. A. and the degree of procedural confusion at times evident in this case, we feel compelled to address briefly what may prove to be reoccurring issues relative to the time requirements for an appeal to this Division.
Appellate procedural rules, particularly those pertaining to time requirements, can best be examined in the context of the general policy underlying the rules. It is settled that the rules of appellate procedure in this Commonwealth were promulgated to facilitate and promote the adjudication of appeals on their merits. Standard Register Co. v. Bolton-Emerson, Inc., supra at 574; Gilmore v. Gilmore, 369 Mass. 598, 601-602 (1978). While time limits prescribed by the Rules for initiating an appeal are considered jurisdictional, Dist./Mun. Cts. R. A. D. A., Rule 3(a);[12] Cummings v. City Council of Gloucester, supra at 348; Abbott v. John Hancock Mut. Life Ins. Co., 18 Mass. App. Ct. 508, 515 (1985), the Rules are still to be given a liberal, flexible construction which recognizes and implements the broad discretion accorded to the courts to relieve a party’s procedural noncompliance for sufficient cause shown. Commonwealth v. Hartsgrove, supra at 444-445; Pentucket Manor Chronic Hospital, Inc. v. Rate Setting Comm., 394 Mass. 233, 237 n. 8 (1985).[13]
The first “escape hatch” for the party who has run afoul of the Dist./Mun. Cts. R. A D. A, Rule 4(a) ten day time mandate for filing a notice of appeal is Dist./Mun. Cts. R. A. D. A, Rule 4(c). Dhanda v. Tri M Ltd., 24 Mass. App. Ct. 700, 707 (1987). *95 Rule 4(c) authorizes the trial court to extend the time for filing a notice of appeal for an additional ten days. See, e.g., Commonwealth v. Correira, 5 Mass. App. Ct. 772, 773 (1977).[14] Such a motion is addressed to the trial judge’s discretion, must be predicated on a clear showing of excusable neglect, Feltch v. General Rental Co., 383 Mass. 603, 613-614 (1981); see generally, Muir v. Hall, 37 Mass. App. Ct. 38, 40 (1994), or “other good reason” and applies only to notice of appeal extensions.
The trial court lacks any authority to allow a Rule 4(c) motion filed for the first time by a party after the expiration of twenty days from judgment.[15] Commonwealth v. George, 25 Mass. App. Ct. 1001, 1002 (1988). A party who has failed for good cause to file a notice of appeal or Rule 4(c) motion with twenty days of judgment may still, however, obtain an enlargement of time by filing a Dist./Mun. Cts. R. A. D. A., Rule 14(b) motion in either the trial court or the Appellate Division. See Bernard v. United Brands Co., supra at 418-419.[16] As the maximum extension of time for a notice of appeal is expressly limited in the Rule to 180 days from judgment entry, it is obvious that a Rule 14(b) motion must be filed before the expiration of this time period. See generally, Commonwealth v. Lopes, 21 Mass. App. Ct. 11, 16 (1985).[17]
Because Rule 14(b) “is a general rule for enlargement of time”, Bernard v. United Brands Co., supra at 418, it applies not just to the Rule 4(a) time requirement for filing a notice of appeal, but also to any time provision under the Rules, including the ten day time period for payment of the required filing fee.
Finally, contrary to the plaintiffs contention in the present matter, no party is entitled to Rule 14(b) relief. A Rule 14(b) motion must clearly demonstrate “good cause” for the party’s noncompliance with the time requirement in question. See generally, Commonwealth v. Montanez, 410 Mass. 290, 294 (1991)[18] As with a Rule *96 4(a) motion, a request for Rule 14(b) relief is addressed to the discretion of the trial court or Appellate Division in which the motion was filed.
ORDER
As the time for filing an appeal to this Division has not yet commenced in this case, the plaintiffs “Motion to Reverse Judgment of District Court and Order Case to be Docketed in the Appellate Court,” which we treat as a motion pursuant to Dist/Mun. Cts. R. A. D. A., Rules 2 and 14(b), is hereby denied as unnecessary and premature. The plaintiff is instructed to file forthwith a request to the trial court clerk to enter judgment in this case in accordance with the requirements of Dist./Mun. Cts. R. Civ. P., Rules 58(a) and 79(a). The plaintiff will then be required to file in the trial court a proper Dist./Mun. Cts. R. A. D. A., Rule 3 notice of appeal and to pay the required filing fee to the trial court clerk within ten days of the date of such entry of judgment.
So ordered.

The only judgment referenced on the trial court docket is a September 8,1993 default judgment in favor of the plaintiff in the amount of $73,580.71 which appears in the “judgment block” on the first page of the docket. The defendants attempted unsuccessfully to vacate this judgment by motion dated September 23, 1993. Their subsequent motion for reconsideration was heard and allowed by a different judge on October 20, 1993.

The plaintiff’s motion is captioned: “Motion to Reverse Judgment of District Court and Order Case to be Docketed in the Appellate Court.”

On the day of oral arguments before this Division, the defendants submitted in excess of one hundred and thirty (130) pages of written opposition to the plaintiff’s motion. The plaintiff was not served with a copy of the defendants’ opposition until minutes before the hearing. As the defendants neither responded to the plaintiff’s motion within seven (7) days of service as required by Dist./Mun. Cts. R. A D. A, Rule 15, nor sought permission from this Division to submit their opposition late, the defendants’ untimely filed written opposition is stricken from the record and forms no part of our review herein.

Rule 14(b) of the Dist./Mun. Cts. R. A D. A. states: “The trial court or Appellate Division for good cause shown may upon motion enlarge the time prescribed by these rules or by its order for doing any act, or may permit an act to be done after the expiration of such time, but the time for filing a notice of appeal may not be enlarged beyond 180 days from the date of entry of the judgment or order sought to be reviewed.”

Rule 4(c) of the Dist./Mun. Cts. R. A. D. A. states in relevant part: “Upon a showing of excusable neglect or other good reason, the trial court may extend the time for filing the notice of appeal by any party for a period not to exceed ten days from the expiration of the time otherwise prescribed by this rule... and in no event shall the court permit the filing of a notice of appeal later than 180 days after entry of the judgment or post-judgment order of which appeal is sought.” It would appear from the motion judge’s rulings that he interpreted the plaintiff’s motions as a request for a Rule 4(c) extension of time to file a notice of appeal.

Just as construction of the Massachusetts Rules of Appellate Procedure is generally guided by judicial interpretation of parallel Federal Rules, absent compelling reasons to the contrary or significant differences in content, Commonwealth v. Hartsgrove, 407 Mass. 441, 445 (1990); Cummings v. City Council of Gloucester, 28 Mass. App. Ct. 345, 348 (1990); Westinghouse Elec. Supply Co. v. The Healy Corp., 5 Mass. App. Ct. 43, 47 (1977), the Rules for Appellate Division Appeal of the District and Municipal Courts will be interpreted in accordance with the construction given by the Supreme Judicial Court and Appeals Court to corresponding provisions of the Massachusetts Rules of Appellate Procedure.

That portion of the Commentary which suggests that “[generally, the ruling on a request for an enlargement of time will be made by the trial court or Appellate Division depending on where the case is at the time the enlargement is sought,” is not inconsistent as it merely offers a practical guideline for the filing of a Rule 14(c) motion rather than a statement as to the jurisdiction of the trial court or Appellate Division to decide a Rule 14(c) motion filed with it The Rule itself expressly grants authority to enlarge any required time period to the Appellate Division as well as the trial court.

Rule 2 of the Dist/Mun. Cts. R A D. A states: “In the interest of expediting decision, or for other good cause shown, the Appellate Division may, except as otherwise provided in Rules 4 (c) and 14 (b), suspend the requirements or provisions of any of these rules in a particular case on application of a party or on its own motion and may order proceedings in accordance with its direction. Such a suspension may be on reasonable terms.”

Rule 4(a) of the Dist/Mun. Cts. R. A D. A provides in relevant part: ‘The notice of appeal required by Rule 3, together with the required filing fee, shall be filed with tihe clerk of the trial court within ten days after the date of the entry of judgment in the case being appealed [emphasis supplied].”

In those cases in which a less technical or rigid approach to the requirements of Rules 58(a) and 79(a) has been taken, the expressed intent of the court has been to avoid dismissal and to preserve appellate rights. See, e.g., Gottsegen v. Gottsegen, 397 Mass. 617, 618 n. 1 (1986); Lewis v. Emerson, 391 Mass. 517, 520 (1984). There is little justification for a less exacting application of the requirements for the entry of an effective judgment in this case where the likely result would be the denial of the plaintiff’s opportunity to obtain appellate review.

Rule 3 (a) of the Dist./Mun. Cts. R. A D. A. states in pertinent part: “Failure by an appellant to take any step other than the timely filing of a notice of appeal and payment of the filing fee shall not affect the validity of the appeal, but shall be ground only for such action as the Appellate Division deems appropriate, which may include dismissal of the appeal.”

“One of the purposes of the rules of appellate procedure was undoubtedly to simplify ... procedure by eliminating many of the previous rigid statutory time limitations which often served as fatal or near-fatal booby traps for inexperienced or unwary practitioners taking a case from the trial court to the appellate court To the extent possible, we should construe these new rules in a manner which will accomplish their obvious purpose and objective. While the new rules still include many time limitations for doing specified acts, they also include provisions giving the courts broad discretion and authority to permit a deserving party, on a showing of ‘excusable neglect or ‘good cause’ to prosecute an appeal notwithstanding his failure to comply with a procedural time limitation.” Giacobbe v. First Coolidge Corp., 367 Mass. 309, 315-316 (1975).

Note that the time period referenced in Correira and subsequent cases cited are those specified in the Mass. R. App. P. for appeals to the Supreme Judicial Court and Appeals Court. Rule 4(a) of the Mass. R. App. P. mandates 30 days for notice of appeal filing as opposed to 10 days under Dist./Mun. Cts. R. A. D. A., Rule 4(a). Similarly, Mass. R. App. P. 4(c) permits a maximum extension of an additional 30 days, for a total of 60 days from entry of judgment, while Dist./Mun. Cts. R. A. D. A., Rule 4(c) limits a possible notice of appeal extension to an additional 10 days, for a total of 20 days from judgment.

The Rule 4(c) language that “in no event shall the court permit the filing of a notice of appeal later than 180 days after entry of judgment,” should not be misconstrued as designating a permissible 180 day filing time for an initial Rule 4(c) motion. The 180 day period in question indicates the outside limit on multiple successive extensions under the Rule for initiating an appeal.

Compare Mass. R. App. P., Rule 14(b) which authorizes only the appellate court to grant an enlargement of time under this Rule.

Rule 14(b) of the Mass. R. App. P. specifies a one year maximum enlargement of time for filing a notice of appeal.

“Good cause” under Rule 14(b) has been held tantamount to “excusable neglect” under Rule 4(c), which requires a showing of “unique or extraordinary” circumstances, Bernard v. United Brands Co., supra at 418-419 n.8, beyond simple inadvertence or a garden-variety mistake as to the meaning of a statute or rule. Feltch v. General Rental Co., supra at 613-614; but cf. Karen Construc. Co. v. Lizotte, 396 Mass. 143, 146 (1985). The fact that a party is pro se neither excuses his failure to comply with governing time limits, nor automatically entitles him to Rule 4(a) or Rule 14(b) relief. Kellerman v. Kellerman, 390 Mass. 1007,1008 (1984). In weighing the sufficiency of a moving party’s Rule 14(b) grounds, the court should consider whether that party’s appeal is meritorious, Blackburn v. Blackburn, 22 Mass. App. Ct. 633, 635 (1986); Tisei v. Building Inspector of Marlborough, 3 Mass. App. Ct. 377, 379 (1975) and whether the opposing party can claim undue, material prejudice. Standard Register Co. v. Bolton-Emerson, Inc., supra at 573.