Merrick, J.
This is a Dist./Mun. Cts. RADA, Rule 8C appeal of the allowance of summary judgment in favor of the defendants on the plaintiffs complaint for damages for personal injuries sustained in an alleged assault and battery by an employee of the defendants.
The action was commenced in Middlesex Superior Court on June 29,1993. Various defendants were dismissed from, or added to, the case until only the present two defendants remained. Discovery was conducted, and the case was finally called for trial on March 11,1996. On that date, plaintiffs prior counsel requested a continuance due to the absence of the plaintiff, which request the judge denied. Prior counsel then stated that he had assumed “inactive” status at the bar as of January 1, 1996. The Superior Court judge ordered plaintiff or his counsel to obtain new counsel immediately, continued die matter and authorized defendants’ counsel to proceed with notice and the scheduling of their motion for summary judgment. On March 15, 1996, defendants’ counsel served a Mass. R. Civ. R, Rule 56 motion for summary judgment upon plaintiff’s prior counsel pursuant to Superior Court Rule 9A On March 22,1996, however, the case was transferred to the Newton Division of the District Court Department. G.L.c. 231, §102C.
On April 8, 1996, defendants’ counsel again served on plaintiffs’ prior counsel and filed in court another motion for summary judgment and a supporting brief. Relying upon answers to interrogatories which were designated as “on file,” the defendants’ brief asserted that the plaintiff could not prove the essential element of the defendants’ responsibility for the conduct of the assailant.[3] The motion was marked for a hearing, on April 19,1996. Before that date, plaintiff’s prior counsel *136 wrote to the defendants’ counsel that he had not yet obtained successor counsel, but was going to interview some attorneys. Defendants’ counsel remarked his summary judgment motion for May 31, 1996. Prior to that date, he received yet another letter advising that new counsel for the plaintiff had still not been retained.
Defendants’ counsel proceeded with his motion on May 31,1996. No written opposition was filed, nor did anyone represent the plaintiff at the hearing. Defendants’ counsel himself informed the judge of all of the foregoing, but stated, ‘Tour Honor, I can’t wait forever.” The judge then heard the merits of the motion and took it under advisement On June 4,1996, the motion was allowed and summary judgment was entered for the defendants. Notice of judgment was sent that day to counsel of record. On July 5,1996, plaintiff’s present counsel filed a notice of appeal pursuant to Dist/Mun. Cts. RADA, Rule 3 (a) [4] On July 12,1996, the defendants filed a motion to strike plaintiff’s notice of appeal as untimely. The motion was denied.
1. As the plaintiff’s notice of appeal was not filed within the ten day period prescribed by Dist/Mun. Cts. RADA, Rule 4(a), the defendants’ motion to strike should have been allowed.
The District/Municipal Court Rules for Appellate Division Appeal provide three avenues for obtaining an extension of time to file a late appeal. Relief under Dist./ Mun. Cts. RADA, Rule 4(c)[5] and 14(b)[6]is available only upon motion and either “a showing of excusable neglect or other good reason” or “good cause shown.” Marino v. Kandris, 1997 Mass. App. Div. 129. Oyegbola v. DeSimone, 1995 Mass. App. Div. 91, 94-95. A motion under Rule 4(c) must be addressed to the trial court while a Rule 14(b) motion may be acted upon by either the trial court or the Appellate Division. In the instant case, no showing of good cause for a notice of appeal extension has been made, except such as we may infer from the timing of the first appearance by plaintiff’s new counsel when filing the late notice of appeal. Indeed, no motion to extend the time has ever been filed by the plaintiff. Our discussion is thus limited to a consideration of whether this appeal should be heard under the third method for obtaining a late appeal, Dist./Mun. Cts. RADA, Rule 2. See Commonwealth v. Guaba, 417 Mass. 746, 752 (1994); Oyegbola v. DeSimone, supra at 93.
2. Rule 2[7] is designed to “inject flexibility into the appellate structure,” Common *137 wealth v. Santana, 403 Mass. 167, 170 n. 2 (1988), by permitting the Appellate Division to act sua sponte “[i]n the interest of expediting decision, or for other good cause shown” to suspend the requirements of the rules. We construe all three of the cited rules as “giving the courts broad discretion and authority to permit a deserving party, on a showing of ‘excusable neglect’ or ‘good cause,’ to prosecute an appeal notwithstanding his failure to comply with a procedural time limitation.” Giacobbe v. First Coolidge Corp., 367 Mass. 309, 315-316 (1975).
By our reading of the rules as a whole, the only absolute limitation on our appellate courts... in granting extensions of any time limit prescribed by the rules is that neither the court nor the single justice may enlarge the time for filing a notice of appeal beyond [180 days in the District Courts] from the date of entry of the judgment or order sought to be reviewed.
Id. at 317.
Nevertheless, given the remedies available under Rules 4(c) and 14(b), we conclude that Rule 2 should not be routinely used as a device to ignore or avoid the motion requirements of the former. Without limiting our broad discretion to act under Rule 2 in an appropriate case, Harvard Comm. Health Plan, Inc. v. Assessors of Cambridge, 384 Mass. 536, 544 (1981), we will generally hold a party to a higher standard on the issues of (1) good cause for the delay[8] in filing the notice of appeal or failure to utilize Rule 14 (b), and (2) the substantive merit of the claims to be presented on appeal. In the instant case, we have already noted that the only apparent cause for the plaintiff’s failure to file a timely notice of appeal was his delay in securing new counsel. Further, it is clear that there is little substantive merit to the plaintiff’s contentions on this appeal.
3. The plaintiff’s only objection on the merits to the court’s entry of summary judgment is that the defendants referred in their motion and supporting brief to plaintiff’s interrogatories as being “on file” when, in fact, they were not. The plaintiff answered the interrogatories, however, while the case was still pending in the Superior Court Department. The plaintiff served his answers on the defendant, but did not file them in court pursuant to Superior Court Administrative Directive 90-2, “Non-Filing of Discovery Materials,” which effectively added interrogatories, answers to interrogatories and certain other materials to the items listed in Mass. R Civ. R, Rule 5(d) (2) which must be served on an opponent, but are not to be filed with the court.[9] Under the Superior Court “Non-Filing” order and Mass. R Civ. R, Rule 5(d) (2) ,[10] it was the defendants’ duty to preserve those answers and to *138 deliver them to court if and when needed or ordered.
It would have been preferable for the defendants to have provided the trial judge with a copy of plaintiff’s answers to interrogatories, as permitted by the last sentence of Rule 5(d) (2). However, the inaccurate reference in the defendants’ Rule 56 brief to the answers as “on file” neither required the striking of the brief, nor the denial of the defendants’ summary judgment motion. Even an improper affidavit may be considered on a motion for summary judgment in the discretion of the judge if there is no objection thereto. Stetson v. Selectmen of Carlisle, 369 Mass. 755, 763 n. 12 (1976); Stepan Chemical Co. v. Wilmington, 8 Mass. App. Ct. 880 (1979). If there had been a real or valid question about whether the plaintiff's answers were accurately represented in the defendants’ brief, it would have been appropriate for the plaintiff to have called his objection and the non-filing of the answers to the judge’s attention by written opposition or at oral argument on the motion. The plaintiff failed to do so. Moreover, had the plaintiff objected at the time, the situation could have been easily corrected. In any event, the result would have been the same because, as plaintiff’s counsel conceded at oral argument, the statements in the defendants’ brief of the substance of the plaintiff’s answers were accurate. There was no error, and certainly nothing of the magnitude to warrant our intervention under Dist./Mun. Cts. RADA., Rule 2.
The plaintiff’s appeal is dismissed.
So ordered.

 The stated substance of the answers to interrogatories was that the assault took place off the defendants’ premises; that the plaintiff had not been on the defendants’ premises, although he had been waiting for someone who was; and that the assailant gave his name as Darryl Brown. Neither parry has been able to locate Darryl Brown, and he was dismissed as a party defendant from this case pursuant to Mass. R. Civ. P., Rule 4(j). A Darryl Brown was employed by the defendants, but his work shift ended and he “punched out” four hours before the incident in question. The answers to interrogatories were thus sufficient to support a Rule 56 ruling that the plaintiff had “no reasonable expectation of proving an essential element of [his] case.” Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991).

 On June 19,1996, defendants’ counsel filed a Mass. R. Civ. R, Rule 54 motion for entry of separate judgment. That motion was unnecessary because all other defendants had by that date been substituted or dismissed out of the case.

 Rule 4(c) provides: “Extension of Time for Filing Notice of Appeal. Upon a showing of excusable neglect or other good reason, the trial court may extend the time for filing the notice of appeal by any party for a period not to exceed ten days from the expiration of the time otherwise prescribed by this rule. Such an extension may be granted before or after the time otherwise prescribed by this rule has expired. A request for an extension shall be made by motion with such notice as the trial court shall deem appropriate, and in no event shall the court permit the filing of a notice of appeal later than 180 days after entry of the judgment or postjudgment order of which appeal is sought [emphasis supplied].”

 Rule 14(b) states: “Enlargement of Time. The trial court or Appellate Division for good cause shown may upon motion enlarge the time prescribed by these rules or by its order for doing any act, or may permit an act to be done after the expiration of such time; but the time for filing a notice of appeal may not be enlarged beyond 180 days from the date of entry of the judgment or order sought to be reviewed [emphasis supplied].”

 Rule 2 provides: “In the interest of expediting decision, or for other good cause shown, the Appellate Division may, except as otherwise provided in Rules 4(c) and 14(b), suspend the requirements or provisions of any of these rules in a particular case on application of a party or on its own motion and may order proceedings in accordance with its direction. Such a suspension may be on reasonable terms [emphasis supplied].”

 Obviously, our discussion does not apply to the alternative basis for action under Rule 2; namely, “ [i] n the interest of expediting decision.”

 Superior Court Administrative Directive 90-2, “Non-Filing of Discovery Materials,” provides: “[P]arties shall serve, but shall not file, the following discovery materials: 1. Interrogatories and answers... The provisions of Mass. R Civ. P., Rule 5(d) (2) shall apply to all documents listed above.”

 Rule 5(d)(2) states; “Unless the court, generally or in a specific case, on motion ex parte by any party or concerned citizen or on its own motion shall otherwise order, the following shall be not presented or accepted for filing: notices of taking depositions, transcripts of depositions, requests under Rule 34, and responses to requests under Rule 34. The party taking a deposition or obtaining material through discovery is responsible for its preservation and delivery to court if needed or so ordered. Notwithstanding anything in this Rule 5(d) (2), any party pressing or opposing any motion or other application for relief may file any document pertinent thereto [emphasis supplied].”