Coven, J.
This is a Dist./Mun. Cts. RADA, Rule 8A expedited appeal by the plaintiff of the denial of his motion to extend the time for filing a notice of appeal.
The action arises out of claim for the defendant’s alleged legal malpractice in negligently representing the plaintiff's mother’s estate by making false representations to the plaintiff as to the filing of an inheritance tax return. When the plaintiff discovered that no tax return had in fact been filed, he filed the return independently and incurred additional penalties and interest in the amount of $12,978.65.
The defendant filed a Mass. R. Civ. R, Rule 56 motion for summary judgment based on the expiration of the statute of limitations for legal malpractice. See G.L.c. 260, §4. The plaintiff opposed the motion on the grounds of the doctrine of “continuing representation.”
On February 28, 1996, the defendant’s Rule 56 motion was allowed, judgment for the defendant was entered, and notice was issued. Plaintiff’s counsel immediately notified the plaintiff of the judgment, and met with him on March 5,1996 to discuss the appeal and a retainer for counsel’s services on appeal. The plaintiff thereafter sent his counsel the filing fee for the appeal, but failed to pay the agreed-upon retainer. Counsel left a message on plaintiffs answering machine, which was apparently not working properly. The plaintiff did not receive the message or contact his attorney until March 20,1996. On that date, he paid the retainer and his attorney then filed both a notice of appeal and a Dist./Mun. Cts. R.A.DA, Rule 4(c) motion to extend the time for filing an appeal. Both the notice and the motion were filed ten days after the expiration of the time prescribed by Dist./Mun. Cts. *167 RADA, Rule 4(a) for filing a notice of appeal.
On March 29,1996, the trial court denied the plaintiffs motion to extend time on the grounds that the plaintiff had failed to demonstrate that his delay was a product of “excusable neglect” or “other good cause” as required by Rule 4 (c). The plaintiff then filed a notice of appeal of said denial on April 9, 1996, one day after the expiration of the applicable Rule 4(a) time period.
On April 26,1996, the plaintiff filed the Dist./Mun. Cts. RADA, Rule 8A expedited appeal now before us. The defendant filed written objections to the expedited appeal on May 7,1996, one day after the Dist./Mun. Cts. RADA, Rule 8A(b) time limit for such objections.[1]
The plaintiff did not file his brief until December 2,1996, more than six months after the brief was due pursuant to Rule 8A(c).
1. As the parties have succeeded in violating almost every time period prescribed by the District/Municipal Court Rules for Appellate Division Appeal for commencing and perfecting an appeal to this Division, a brief exposition of the relevant rules is in order.
Rule 4(a) mandates that a notice of appeal and filing fee shall be filed in the trial court within ten days of the entry of judgment. An appellant who fails to meet that ten-day requirement may obtain an extension of time for filing a notice of appeal by motion pursuant to either Rule 4(c) or Rule 14(b). The requirements for both motions have been recently discussed at length, see Miller v. Kimmelman, 1997 Mass. App. Div. 135; Marino v. Kandris, 1997 Mass. App. Div. 199, 130, and Rules 4(c) and 14(b) are clear and self-explanatory. It is sufficient to note that the plaintiff filed a Rule 4(c) motion herein, and that such motion must he predicated on a clear showing of excusable neglect or other good reason, and is addressed to the trial judge’s discretion. Oyegbola v. DeSimone, 1995 Mass. App. Div. 91, 95.
After filing a notice of appeal, the appellant must proceed to perfect his appeal in accordance with one of the three alternative methods of appeal set forth in Dist./ Mun. Cts. RADA, Rules 8A, 8B and 8C. If the appellant elects to proceed under Rule 8A and the appellee objects to the contents of the Rule 8A expedited appeal prepared by the appellant, the appellee must file his written statement of objections within ten days of the submission of the expedited appeal. It is only the timely filing of an objection which automatically terminates an expedited appeal. Wine v. Wu, 1996 Mass. App. Div. 157, 157-158.
Where an objection has been seasonably filed, the appellant is then required, within thirty days of the filing of the objection, to file either a Rule 8B agreed statement of the case or a Rule 8C appeal on the record of proceedings. If no objection to a Rule 8A expedited appeal is timely filed, the appellant is obligated by Rule 8A(c) to file his brief within twenty-five days of the filing of his expedited appeal.
The plaintiffs present appeal was initiated by an untimely notice of appeal filed eleven days after the trial court’s denial of his Rule 4(c) motion. No motion to file this notice of appeal late is before us. In such a case, the plaintiff’s untimely appeal must be dismissed. See generally, Kellerman v. Kellerman, 390 Mass. 1007, 1008 (1984); Dhanda v. Tri M. Ltd., 24 Mass. App. Ct. 700, 707 (1987).
The defendant did not move to dismiss the plaintiff’s late notice of appeal, but instead proceeded to file objections to the plaintiff’s subsequent expedited appeal. The defendant’s objections were themselves filed after the time prescribed by Rule 8A(b). If the plaintiff mistakenly believed that the defendant’s untimely objections *168 automatically terminated his expedited appeal, he should have then proceeded under either Rule 8B or 8C within thirty days of the defendant’s objections. He did not do so. Conversely, if the plaintiff recognized the inefficacy of the defendant’s late objections, he should have filed his brief within twenty-five days of the filing of the expedited appeal. He did not do so. In fact, the plaintiff delayed for seven months before taking any action to perfect his appeal. As has been so appropriately noted,
[Fjailure to follow the rules is frequently a good indicator either of a half-hearted appeal... or of one which presents no substantial issue and is ... intended for delay ... To prolong such appeals through liberal exemptions from the rules is at once unfair to appellees and a burden on the administration of justice.
Westinghouse Elec. Supply Co. v. The Healy Corp., 5 Mass. App. Ct. 43, 66 (1977).
2. Indeed, even if the plaintiff’s present appeal had been timely, it is clear that there is little merit to his arguments. As noted, whether a Rule 4(c) motion for an extension of time to file a notice of appeal late is predicated on a sufficient showing of excusable neglect or other good cause rests within the trial court’s discretion. An abuse of such discretion could be found only where no conscientious judge, acting intelligently, could honestly have so ruled on the motion. Oldham v. Nerolich, 389 Mass. 1005, 1006 (1983); Hartmann v. Boston Herald-Traveler Corp., 323 Mass. 56, 60 (1948).
The failure to file a timely appeal is excusable only when the neglect is attributable to circumstances beyond the reasonable control of the appellant. Excusable neglect requires unique or extraordinary circumstances. Mailer v. Mailer, 387 Mass. 401, 406 (1982); Feltch v. General Rental Co., 383 Mass. 603, 613-614 (1981); Bernard v. United Brands Co., 27 Mass. App. Ct. 415, 418 n.8 (1989). In the instant case, the plaintiff has failed to advance any reason approaching excusable neglect for his delay in commencing an appeal. There is no question that the plaintiff received the court’s notice of the entry of summary judgment for the defendant well within the ten day period prescribed by Rule 4(a) for filing a timely notice of appeal. The subsequent breakdown in communication between the plaintiff and his counsel falls well short of constituting circumstances so unique or extraordinary as to have rendered the court’s denial of the plaintiff’s Rule 4(c) motion an abuse of discretion.
The plaintiff’s appeal is dismissed.
So ordered.

 On September 25,1996, the clerk’s office notified the parties that the case was dismissed pursuant to Standing Order 1-88. The plaintiff filed a “Motion For Clarification and To Reinstate,” arguing that his Rule 8A appeal was still viable because the defendant’s objection was untimely. The court held that the order of dismissal had been erroneously issued by the clerk’s office.