LoConto, P.J.
Aggrieved by the trial judge’s denial of his Motion to File an Appeal Late, the plaintiff/appellant, Richard D. Paquette (“appellant”), commenced this expedited appeal. He contends that the trial judge erred in denying his motion and allowing the Motion of the defendant/appellee, The Premier Insurance Company (“appellee”), to Dismiss Plaintiffs Notice of Appeal. The undisputed procedural history is as follows. The appellant commenced a two count complaint in the Springfield District Court seeking damages pursuant to G.L.c. 90, §34M (count I) and G.L.c. 93A (count II). After trial held on May 12, 1999, the court awarded the appellant damages as to the first count, but found in favor of the appellee as to the second count. The award of damages provided for the recovery of costs and interest as provided by law. There was no award for the recovery of reasonable attorney’s fees.[1] On July 16, 1999, the appellant filed a Motion to Amend the Judgment and a Motion for Attorney’s Fees. After hearing held before the trial judge on August 4,1999, the matter was taken under advisement. Thereafter, he denied the motions. Although notice of said denial was not mailed out by the clerk’s office until August 19, 1999, the rulings by the court on said motions were docketed on August 4, 1999. Aggrieved of said denials, on August 25,1999, the appellant filed a Notice of Appeal to the Appellate Division. In response, on September 3, 1999, the appellee filed a Motion to Dismiss Plaintiffs Appeal. On October 1,1999, the appellant filed a Motion to File Appeal Late. After hearing the above mentioned motions on October 4, 1999, the trial judge granted the appel-lee’s motion, denied the appellant’s motion, and dismissed the appeal.
The notice of appeal to the Appellate Division and the filing fee must be filed with the clerk of the trial court within ten days after the entry of judgment, or in the case of certain postjudgment motions, ten days from the entry of the order granting or denying such motion. Rule 4(a), Dist./Mun. Cts. R. A. D. A. Subsection (c) permits an extension of the time for filing the notice of appeal not to exceed ten days from the expiration of the time otherwise prescribed by this rule, but only upon a showing of excusable neglect or other good reason. As a result, the rule would preclude any extension where more than ten days had elapsed since the expiration of the original ten-day period. The appellant does not dispute *251 that he failed to file a motion to extend time to file a notice of appeal before the time prescribed by the rule, in this case, August 24, 1999. Instead, he filed his Notice of Appeal on August 25, 1999, twenty-one days after entry of the denial of his Motion to Amend Judgment and contends that the failure of the clerk’s office to immediately mail the entry of said order relieved him of his failure to appeal within the time allowed. See Mass. R. Civ. R, Rule 77(d).
‘The trial court is without authority to allow a Rule 4(a) motion for the first time by a party after the expiration of twenty days from judgment.” Oyegbola v. Desimone, 1995 Mass. App. Div. 91, citing Commonwealth v. George, 25 Mass. App. Ct. 1001, 1002 (1988). However, an aggrieved party may still obtain enlargement of time by the filing of a Dist./Mun. Cts. R. A. D. A., Rule 14(b), motion to the trial judge or this Division, or a Dist./Mun. Cts. R. A. D. A., Rule 2, motion to this Division to suspend the requirements or provisions of any rule. In either case, good cause must be shown and no permission can be granted for the filing of a late appeal later than 180 days after entry of judgment. “’Good cause’ under Rule 14(b) has been held tantamount to ‘excusable neglect’ under Rule 4(c), which requires a showing of ‘unique or extraordinary’ circumstances, Bernard v. United Brands Co., 27 Mass. App. Ct. 415, 419 (1989), beyond simple inadvertence or a garden-variety mistake as to the meaning of a statute or rule. Feltch v. General Rental Co., 383 Mass. 603, 613 (1981).” Oyegbola v. DeSimone, supra at n.17. We treat the present appeal as a motion addressed to the Appellate Division’s exclusive authority under Rule 2 to suspend the requirements of Rule 4(c), and for the enlargement of time under Rule 14(b).[2]
Granting the extraordinary relief under the application of the above mentioned rules is appropriate in this case. Firstly, the appellant’s initial motion to appeal exceeded by one day the period of time the trial court could have extended the time for filing such a notice. Secondly, it was undisputed that the clerk’s office failed to immediately mail the entry of the post judgment rulings as required by Mass. R. Civ. P., Rule 77(d). Although “[i]t is the obligation of counsel, not of the clerk, to monitor the progress of their cases,” Brown v. Quinn, 406 Mass. 641, 642 (1990), appellant’s counsel filed a notice to appeal within five days of receipt of the notice from the clerk and within three weeks from the date of entry of said rulings. “Sloppiness in following a prescribed procedure for appeal is not encouraged or condoned, but at the same time a distinction is taken between serious missteps and relatively innocuous ones. Some errors or omissions are seen on their face to be so repugnant to the procedural scheme, so destructive of its purposes, as to call for dismissal of the appeal.” Schulte v. Director of Division of Employment Sec., 369 Mass. 74, 79 (1975). No such errors or omissions are present here. And lastly, we *252 examine the substantive merit of the claim to be presented on appeal. See Miller v. Kimmelman, 1997 Mass. App. Div. 135, 137. ‘“Good cause’ under Rule 14(b) has been held tantamount to ‘excusable neglect’ under Rule 4(c), which requires a showing of ‘unique or extraordinary’ circumstances, Bernard v. United Brands Co., 27 Mass. App. Ct. 415, 419 (1989), beyond simple inadvertence or a garden-variety mistake as to the meaning of a statute or rule. Feltch v. General Rental Co., 383 Mass. 603, 613 (1981).” Oyegbola v. DeSimone, supra at n.17. Although there is no requirement that the appellant convince us that he enjoys a reasonable likelihood of success on appeal for us to extend this atypical relief, the appeal sought tests the correctness of the trial judge’s failure to grant statutorily mandated attorney’s fees. The appeal presents neither a novel nor frivolous question for appellate review. For the above reasons, the matter should be heard on the merits in the Appellate Division.
ORDER
We allow the appellant’s motion to file an appeal late and order the clerk of the district court to notify the parties of said allowance. Receipt by the parties of this order will constitute compliance with Dist./Min. Cts. R. A. D. A., Rule 4(a).

 General Laws chapter 90, section 34M, provides that “[i]f the unpaid party recovers a judgment for any amount due and payable by the insurer, the court shall assess against the insurer in addition thereto costs and reasonable attorney’s fees.” In this appeal, the correctness of the trial judge’s failure to assess attorney’s fees is not before us.

 In the interest of expediting decision, or for other good cause shown, the Appellate Division may, except as otherwise provided in Rule 4(c) and 14(b), suspend the requirements or provisions of any of these rules in a particular case on application of a party or on its own motion and may order proceedings in accordance with its direction. Such a suspension may be on reasonable terms. Dist./Mun. Cts. R. A. D. A., Rule 2.
Upon a showing of excusable neglect or other good reason, the trial court may extend the time for filing the notice of appeal by any parly for a period not to exceed ten days from the expiration of the time otherwise prescribed by these rules. Such an extension may be granted before or after the time otherwise prescribed by these rules has expired. A request for an extension shall be made by motion with such notice as the trial court shall deem appropriate, and in no event shall the court permit the filing of a notice of appeal later than 180 days after entry of the judgment or postjudgment order of which appeal is sought. Dist./Mun. Cts. R. A. D. A., Rule 4(c).