LoConto, EJ.
The case is before this Division on the defendants Expedited Appeal in accordance with Dist/Mun. Cts. R. A D. A, Rule 8A The issue presented is whether the motion judge abused his discretion in allowing the plaintiffs Motion To Extend Time To File Notice of Appeal. We find no abuse of discretion and dismiss the appeal. The case came before us as follows.
On October 12,2000, the plaintiff filed a complaint in the Worcester Division of the District Court alleging that his automobile insurer breached the contract of insurance and violated G.L.c. 93A and c. 176D by failing to honor a claim after his motor vehicle had been stolen. On July 24,2001, the defendant filed a Motion for Summary Judgment, which was allowed after hearing on September 24, 2001. On October 10, 2001, the plaintiff filed a Motion to Extend Time to File Notice of Appeal, citing the lack of Findings of Fact and Rulings of Law by the motion judge as grounds. He also requested that the motion judge make findings and ridings, and further requested 10 days from receipt thereof for the filing of his Notice of Appeal. After hearing on October 12,2001, the motion judge allowed the plaintiffs Motion to Extend Time to File Notice of Appeal, but denied the request to make findings and rulings. On October 22, 2001, the plaintiff filed his Notice of Appeal. The defendant, aggrieved by the afiowance of the plaintiff’s Motion to Extend Time to File Notice of Appeal, commenced this appeal.
“There is no error of law amounting to an abuse of discretion simply because a reviewing court might have reached a different result” Scannell v. Ed. Ferreirinha & Irmao, LDA, 401 Mass. 155, 160, 514 N.E.2d 1325 (1987). “The party claiming abuse of discretion has the burden of demonstrating that no conscientious judge acting intelligently with full knowledge of the circumstances would have [allowed] the motions.” Barrett v. Pereira, 1997 Mass. App. Div. 45, 46. In light of that standard, we review the relevant rules and the extent to which the plaintiff may have departed. The Notice of Appeal to the Appellate Division and the filing fee must be filed with the clerk of the trial court within ten days after the entry of judgment, or in the case of certain postjudgment motions, ten days from the entry of the order granting or denying such motion. Rule 4(a), Dist/Mun. Cts. R A D. A Subsection (c) permits an extension of the time for filing the notice of appeal not to exceed ten days from the expiration of the time otherwise prescribed by this rule, but only upon a showing of excusable neglect or other good reason. As a result the rule would preclude any extension where more than ten days had elapsed since the expiration of the original ten-day period. “The Mure to file a timely appeal is excusable only when the neglect is attributable to circumstances beyond the reasonable control of the appellant Excusable neglect requires unique or extraordinary circumstances. Mailer v. Mailer, 387 Mass. 401, 406, 439 N.E.2d 811 (1982); Feltch v. General Rental Co., 383 Mass. 603, 613-614, 421 N.E.2d 67 (1981); Bernard v. United Brands Co., 27 Mass. App. Ct. 415, 418 n.8, 538 N.E.2d 1003 (1989).” Miller v. Scannell, 1997 Mass. App. Div. 166. “‘Good cause’ under Rule 14(b) has been held tantamount to ‘excusable neglect under Rule 4(c) ... which requires a showing ... beyond simple inadvertence or a garden-variety mistake as to the meaning of a statute or rule. Feltch v. General Rental Co., 383 Mass. 603, 613, 421 N.E.2d 67 (1981).” Oyegbola v. DeSimone, 1995 Mass. App. Div. 91, n.17.
“Sloppiness in following a prescribed procedure for appeal is not encouraged or condoned, but at the same time a distinction is taken between serious missteps and relatively innocuous ones. Some errors or omissions are seen on their free to be so repugnant to the procedural scheme, so destructive of its purposes, as to call for dismissal of the appeal.” Schulte v. Director of Division of Employment Sec., 369 Mass. 74, 79, 337 N.E.2d 677 (1975). Counsel erroneously expected that the *100 motion judge would make factual findings and legal rulings to support his allowance of the motion. Although the allowance of a Rule 56 motion would suggest that the court found that there were no genuine issues of material fact, and therefore findings of fact would be superfluous, an explanation why the law would support judgment in the movant’s favor could be beneficial to the aggrieved party and not an unusual practice with some judges. When such findings were not issued, the better practice would have been to file a Notice of Appeal and the filing fee within ten days of the allowance of the defendant’s motion. Although not in compliance with the rule, counsel’s omission here was insignificant We find that after reviewing the applicable rules, the transgression involved, the prompt compliance and the substantive merit to be presented on appeal, see Miller v. Kimmelman, 1997 Mass. App. Div. 135, the motion judge did not abuse his discretion by allowing the plaintiff’s motion. Therefore, we order the clerk of the District Court to dismiss the appeal.