Forte, J.
This action is before the Appellate Division on a report in which the defendant claims to be aggrieved by the trial judge’s dismissal of the defendant’s original draft report pursuant to Dist./Mun. Cts. R. Civ. P. Rule 64(c) (6) which states:
If the party requesting the report has failed to comply with the statutes or any of these rules applicable to draft reports, the justice may dismiss it, in which case an aggrieved party who desires to raise the question of the correctness of the said order of dismissal may file a request for report and draft report on said dismissal and proceed as provided in these rules.
The trial on the merits was concluded on October 21,1987. The defendant failed to file requests for rulings.[1] On October 27,1987, the defendant filed a motion to file requests for rulings late, which was denied on December 4,1987.
Judgment was entered for the plaintiff on December 7,1987. The defendant then filed three timely post-judgment motions, including a motion for a new trial and a motion to reconsider the defendant’s motion to file requests for rulings late. All post-judgment motions were denied on December 30,1987. On January 11,1988, the defendant filed a draft report.[2]
A hearing was conducted on the draft report on January 15,1988, and the draft report was subsequently dismissed. Pursuant to Dist./Mun. Cts. R. Civ. P. Rule 64(c)(6) quoted above, the defendant filed the instant report to challenge the court’s dismissal order.
Rules 64(c) (ii) and (iii) of the Dist./Mun. Cts. R. Civ. P. require draft reports to be filed within ten days of entry of judgment or within ten days of the disposition of certain post-judgment motions. The ten day filing period in this case did not commence to run until the defendant’s post-judgment motions weredenied on December 30,1987. Therefore, the filing on Januaryll, 1988 of the defendant’s original draft report was timely. If the docket indicating a January 12,1988 draft report filing had been correct, the trial judge would *100 have been warranted in dismissing the draft report pursuant to Dist./Mun. Cts. R. Civ. P. Rules 64(c) (ii) and (iii).
The defendant’s original draft report was filed timely, and presents a question of law for appellate review. As we find no violations of the statutes or District and Municipal Court rules applicable to draft reports, the trial court’s order of draft report dismissal is vacated. The case is hereby returned to the trial court for final action on the defendant’s January 11, 1988 draft report.

Dist./Mun. Cts. R. Civ. P. Rule 64(b) states: “Requests for rulings shall be in writing and be presented to the court before the beginning of any closing arguments unless special leave is given to present requests later....”

The docket states that the defendant’s draft report was filed on January 12,1988. The instrument bears, however, the trial court clerk’s date stamp indicating that the draft report was actually filed with, and received by, the clerk’s office on January 11,1988. Apparently, the draft report was not docketed until the next day, January 12, 1988, and was erroneously designated as having been received on that date. However, see, Bornstein v. Justices of Mun. Court, Roxbury District, 269 Mass. 515, 518 (1929); DiPompo v. Ken Realty Trust, 1979 Mass. App. Div. 294 (Southern District).