CORNELIA MACIUCA *vs*. GABRIEL PAPIT.

No. 90-P-667.

Worcester. September 6, 1991. - November 15, 1991.

Present: ARMSTRONG, SMITH, & GILLERMAN, JJ.

*Practice, Civil*, Appeal, Dismissal of appeal, Assembly of record, Judicial discretion. *Rules of Appellate Procedure.*

The appropriate forum for a party to seek reinstatement of an appeal properly dismissed under rule 30 of the General Rules of the Probate Court (1988) is an appellate court, not the Probate and Family Court. [544-545]

A defendant whose appeal from an adverse money judgment had been dismissed for failure to comply with the provisions of rule 30 of the General Rules of the Probate Court (1988) made no showing of excusable neglect, at a hearing on his postdismissal motion for leave to "perfect" his appeal, for the failure to comply with any applicable court rules; furthermore, the defendant failed to make any showing of a meritorious claim on appeal, or that the plaintiff was not prejudiced by the delay. [545-546]

CIVIL ACTION commenced in the Worcester Division of the Probate and Family Court Department on June 3, 1988.

The case was heard by *John J. Moynihan*, J., and a motion for leave to perfect an appeal was heard by him.

*Salvatore M. Giorlandino* for the plaintiff.

*Mark S. Maynard* for the defendant.

GILLERMAN, J. After the defendant's appeal from an adverse money judgment had been dismissed for failure to comply with the provisions of rule 30 of the General Rules of the Probate Court (rule 30),[1] the trial judge granted the defend-

---

[1]Rule 30, adopted July 18, 1988, effective August 1, 1988, provides: "Whenever the Register shall not have received the transcript of the proceedings or the designated portions thereof, or the statement of certification within the time required by Rule 9(c) of the Massachusetts Rules of Appellate Procedure (unless such time shall previously have been enlarged

ant's motion to "perfect" his appeal by revoking the dismissal. The plaintiff has appealed from that order; she argues that the judge lacked authority to reinstate an appeal properly dismissed under that rule. We agree.

The facts are not in dispute. On June 3, 1988, the plaintiff filed an action to recover monies claimed to be due as a result of various real estate transactions. The trial, recorded electronically, extended over several days in February and March, 1989. On June 29, 1989, the trial judge found in favor of the plaintiff in the amount of $20,282.87, and interest. The defendant filed a timely notice of appeal on July 19, 1989. The defendant took no further action to perfect his appeal until September 18, 1989, — three days after his appeal had been dismissed — when the defendant ordered a cassette copy of the recorded hearings. The plaintiff followed with a request for a writ of execution to enforce the judgment, and on September 22 the defendant filed his motion to perfect the appeal. Along the way, the defendant had failed to comply with a number of rules of court, and he had failed to avail himself of a number of opportunities to cure his delinquencies. We recite those omissions and missed opportunities, because the degree of gravity of the "missteps," considered in the context of the rules of appellate procedure, determines

---

as permitted by Rule 10[c]) or whenever the appellant shall fail to docket the appeal within the time required by Rule 10(a)(1) of the Massachusetts Rules of Appellate Procedure (unless such time shall previously have been enlarged or the late docketing allowed as permitted by Rule 10[a][3]), the Register shall send a copy of this rule by first class mail to the attorney of record for each party, or to the party at his last known address if he is not represented by such an attorney, together with notice in writing that the appeal will be dismissed for lack of prosecution unless, within fourteen days of the date of such notice, the Register shall receive a) a motion to enlarge to a date certain set forth therein the time for complying with the requirements of said Rule 9(c) and/or Rule 10(a)(1) or (3) and b) an affidavit of the movant which shall set forth all the facts which such movant wishes to have considered by the Court which will act on such motion in accordance with the provisions of Rule 10(c). If no such motion and affidavit are received by the Register within such fourteen day period, the Register shall forthwith dismiss such appeal for lack of prosecution and shall note said dismissal on the docket. The sending of every notice required by this order shall be noted on the docket."

the outcome of this case. See *Schulte* v. *Director of the Div. of Employment Sec.*, 369 Mass. 74, 79-80 (1975).

First, the defendant failed to comply with the requirements of Mass.R.A.P. 8(b)(3)(ii), as amended, 388 Mass. 1107 (1983), which requires the appellant, simultaneously with the filing of his notice of appeal, to order a cassette copy of the electronic recording "[i]f the appellant deems all or part of the electronic recording necessary for inclusion in the record." The defendant should have ordered the cassettes on July 19, 1989, the date he filed his notice of appeal; instead he did not request the cassettes until September 18, 1989.

Failure to comply with rule 8(b)(3)(ii) has been held to be a violation of the requirement of Mass.R.A.P. 9(c)(1), as amended, 378 Mass. 936 (1979), that the appellant "shall forthwith perform any act reasonably necessary to enable the clerk to assemble the record," see *Hawkins* v. *Hawkins*, 397 Mass. 401, 405 (1986), with the result that a lower court, upon motion by an appellee and upon a finding of inexcusable neglect, may dismiss an appeal under Mass.R.A.P. 10(c), as amended, 378 Mass. 938 (1979).[2] *Ibid.* This is because noncompliance with rule 9(c) "is to be regarded as a 'serious misstep,' not a 'relatively innocuous one,' the appropriate remedy or penalty for which is presumptively dismissal of the appeal." *Vyskocil* v. *Vyskocil*, 376 Mass. 137, 140 (1978), quoting from *Schulte*, 369 Mass. at 79.

Second, the defendant failed to comply with Mass.R.A.P. 9(c)(2), as amended, 378 Mass. 936 (1979),[3] which required the defendant, within forty days of filing his notice of appeal,

---

[2]Rule 10(c) provides: "If any appellant in a civil case shall fail to comply with Rule 9(c) or Rule 10(a)(1) or (3), the lower court may, on motion with notice by any appellee, dismiss the appeal, but only upon a finding of inexcusable neglect; otherwise, the court shall enlarge the appellant's time for taking the required action. If, prior to the lower court's hearing such motion, the appellant shall have cured the noncompliance, the appellant's compliance shall be deemed timely."

[3]Rule 9(c)(2) states in part that: "[W]ithin forty days after filing a notice of appeal, [the appellant shall] deliver to the clerk of the lower court either (i) a transcript of those portions of the transcript of the lower court proceedings which the appellant deems necessary for determination of the

to deliver to the clerk of the lower court either portions of the transcript which would be necessary in determining his appeal, or a signed affidavit stating that he had ordered such portions from the court reporter. The defendant did neither. ·

Third, the defendant failed to respond to written notice from the register of probate, acting under rule 30, that the defendant's appeal would be dismissed for lack of prosecution unless, within a fourteen-day period of grace, the defendant filed a motion to enlarge the time for compliance with Mass.R.A.P. 9(c). The rule 30 motion for relief must be accompanied by an affidavit which "shall set forth all the facts which such movant wishes to have considered by the Court which will act on such motion in accordance with the provisions of . . . [Mass.R.A.P.] 10(c)." Rule 10(c), see note 2 *supra*, imposes the standard of excusable neglect. In order to meet that standard, and thereby qualify for relief under rule 30, the appellant has the burden of demonstrating that the cause of his failure to comply with the rules was not his or her own conduct. See *Hawkins* v. *Hawkins*, 397 Mass. at 408 ("The appellant must demonstrate that . . . [an error for which the appellant was not responsible] reasonably caused his or her failure to comply with the rules . . . "); *Doten* v. *Doten*, 395 Mass. 135, 140 (1985) ("[T]he defendant has advanced no reason to consider his failure to order a transcript [and his failure to cure] merely 'an inconsequential breach' of the rules").

On September 22, 1989, seven days after the expiration of the fourteen-day grace period and the dismissal of his appeal, the defendant filed a "motion for leave to perfect appeal." Contrast *Springfield Young Women's Christian Ass'n* v. *Evers*, 30 Mass. App. Ct. 921 (1991), where there was a timely motion for reconsideration. The "protracted nature of the trial," and the fact that the trial occurred on nonconsecutive days, the motion recites, "have rendered the obtaining of transcript difficult." It was not until the hearing on the motion on September 29, 1989, that the defendant's counsel

appeal, or (ii) a signed statement certifying that the appellant has ordered such portions from the court reporter."

filed his affidavit which offered the explanation that he underwent surgical procedures and was hospitalized in March and April, 1989, and was left partially disabled to an undescribed extent. The affidavit closes with the statement that the tapes had been ordered on an unidentified date. The judge allowed the motion; he made no findings.

Courts have the inherent power to dismiss an action which the plaintiff has not prosecuted diligently. *Anderson* v. *Sport Lounge, Inc.*, 27 Mass. App. Ct. 1208, 1209 (1989). That power is derived from the "right and the duty to keep the judicial system in efficient operation." *State Realty Co. of Boston, Inc.* v. *MacNeil Bros. Co.*, 358 Mass. 374, 379 (1970). Due process considerations may set the outer limits to the exercise of that power where there is an unreasonable deprivation of the right to be heard upon adequate notice and in accordance with suitable procedures, see *Link* v. *Wabash R.R. Co.*, 370 U.S. 626, 632 (1962), but those limitations are not equally at work where, after a full and fair hearing on the merits, it is the appeal which may be dismissed. See *Dickerson* v. *Attorney Gen.*, 396 Mass. 740, 743 n.3 (1986) ("The due process clause does not require a State to afford any appellate process whatsoever"). Against this background, rule 30 may be seen as a necessary and reasonable exercise of the power of the court to dismiss an appeal that may be regarded as having been abandoned. This is particularly so, given the fourteen-day opportunity rule 30 provides to an appellant to file a motion to cure his omissions or failures upon a showing that there has been no inexcusable neglect on his part.

Putting to one side the absence of an explanation by the judge for his decision, it is not at all clear by what authority the judge acted on the defendant's motion. Even assuming that Mass.R.A.P. 14(b), as amended, 378 Mass. 939 (1979) (enlargement of time for doing any act), is available after an appeal has been dismissed — a proposition that is probable, but not certain[4] — relief under that section of the rules is

---

[4]See *Sheinkopf* v. *Eskin*, 367 Mass. 573, 576-577 (1975).

only available in an appellate court. Massachusetts Rule of Appellate Procedure 10(c) empowers the lower court to enlarge the time for complying with rule 9(c), but rule 10(c), which authorizes the dismissal of an appeal, is not available after the appeal is dismissed.

More to the point is Mass.R.A.P. 3(a), as amended, 378 Mass. 927 (1979), which is available whenever there is a failure of the appellant "to take any step" (with exceptions not material to this case), and which grants to an appellate court, not the trial court, the broad authority "to consider whether equity requires that procedural flaws be overlooked." *Doten* v. *Doten*, 395 Mass. at 140. See also *Mailer* v. *Mailer*, 387 Mass. 401, 407 (1982), and *Patten* v. *Mayo*, 23 Mass. App. Ct. 657, 660 (1987). Rule 3(a), then, is broad enough to allow for the reinstatement of an appeal erroneously or unfairly dismissed — at least within the one-year limit imposed by Mass.R.A.P. 14(b), 378 Mass. 939 (1979).

The appropriate forum, then, for the defendant's attempt to undo the dismissal under rule 30 is an appellate court, not the Probate and Family Court. To avoid additional proceedings, however, which would add nothing of substance, we proceed to consider the case on the record prepared below, giving no effect to the judge's decision.

In assessing the defendant's motion for leave to perfect his appeal, we will apply the excusable neglect standard of rule 10(c), that being the rule for judging the consequences of a rule 9(c) violation. Rule 10(c) is also the yardstick to which rule 30 refers and therefore would have been used had the appellant made his motion prior to the dismissal of his appeal.

Here the defendant made no showing of excusable neglect at the hearing on his postdismissal motion to "perfect" his appeal. Neither counsel's affidavit nor the defendant's motion provides any explanation — much less any excuse or justification — for the failure to comply with the rules. The affidavit refers to a "partial disability," but omits the needed assertion that the disability prevented performance of counsel's obligations under the rules. A fair reading of the entire affi-

davit brings the reader to the conclusion that the partial disability had nothing to do with the nonperformance.

The motion fares no better; it merely recites that the task at hand was "difficult."[5] Taken together, the affidavit and the motion both admit a plain failure to prosecute the appeal. Thus the failure to comply with rule 9(c) was attributable to the conduct of the defendant and not to causes beyond his control. These circumstances present no occasion for relief. See *Hawkins* v. *Hawkins*, 397 Mass. at 408 (failure to order cassettes: "We reiterate that the responsibility for expediting appeals is 'squarely on the appellant,' and that excusable neglect calls for 'unique or extraordinary circumstances' "); *Doten* v. *Doten*, 395 Mass. at 140 (failure to order transcript); *Points East, Inc.* v. *City Council of Gloucester*, 15 Mass. App. Ct. 722, 726 (1983) ("[w]hen an appellant files a notice of appeal he must treat that step as something more than taking out an option to appeal"); *Mailer* v. *Mailer*, 387 Mass. at 406 (excusable neglect does not include "garden-variety oversights. *Goldstein* v. *Barron*, 382 Mass. 181, 186 [1980]"). To this we add only that the defendant failed to make any showing of a meritorious claim on appeal, see *Vyskocil* v. *Vyskocil*, 376 Mass. at 140, and *Tisei* v. *Building Inspector of Marlborough*, 3 Mass. App. Ct. 377, 379 (1975), or that the plaintiff was not prejudiced by the delay, see *Hawkins* v. *Hawkins*, 397 Mass. at 409.

The order reinstating the appeal is vacated; the appeal is dismissed.

*So ordered.*

---

[5]The defendant's affidavit also states that "[o]ne of the tapes that is necessary to perfect this appeal and record is the subject of another appeal and is not obtainable even to this date." This does not constitute excusable neglect. The defendant has failed to state when he discovered that the tape was unavailable, why he did not order that cassette and the remaining cassettes, or that the unavailability of a single cassette caused his failure to comply with the rules. See *Hawkins* v. *Hawkins*, 397 Mass. at 408.