Greco, J.
This is the plaintiffs appeal of the trial court’s order dismissing its appeal on the merits for failure to comply with the requirements of Dist./Mun. Cts. R. A. D. A, Rule 8A.
This suit was commenced as a small claims action to recover Personal Injury Protection (“PIP”) benefits for chiropractic services provided by the plaintiff to the defendant’s insured. Upon the defendant’s motion, the case was transferred to the regular civil docket. On September 3,1997, the trial court (Cavanaugh, J.) allowed the defendant’s motion for partial summary judgment on both the complaint and the defendant’s counterclaim. After a subsequent assessment hearing before a second judge (Merrick, J.), the defendant was awarded $2,338.82 in damages on its counterclaim. Judgment was entered on October 2,1997.
The plaintiff contends that it thereafter made an erroneous attempt to appeal to the Superior Court, although the docket does not reference any filing by the plaintiff of a request for removal, retransfer or appeal. In any event, the ten day period prescribed by DisL/Mun. Cts. R. A. D. A, Rule 4(a) for filing a notice of appeal to this Division expired. Approximately ten days later, on October 20,1997, the plaintiff filed a motion to extend time for submitting its notice of appeal. The motion was allowed on October 23, 1997 (Merrick, J.), and the docket indicates that the plaintiff filed its notice of appeal and filing fee on the same date.
There was no further activity in the case for forty-three days. Finally, on December 5, 1997, the plaintiff sought an extension of time to file a Rule 8A expedited appeal. The defendant responded with both a motion to dismiss the appeal and objections to the plaintiff’s expedited appeal on the grounds, inter alia, that it contained affidavits and memoranda which were never submitted to the trial court in conjunction with the plaintiff's opposition to the defendant’s summary judgment motion. The court (Merrick, J.) denied the plaintiff’s request for an extension and *190 allowed the defendant’s motion to dismiss the appeal.
Undaunted, the plaintiff thereafter filed an “Amended Expedited Appeal.” Noting that “no such animal” was recognized in the District/Municipal Court Rules for Appellate Division Appeal, the judge again dismissed the plaintiffs appeal and ordered that “ [n] o further appeal in this case may be filed except a timely appeal of this order” or his prior order of appeal dismissal. Following that directive, the plaintiff filed this appeal pursuant to Rule 8C.
Notwithstanding the plaintiff’s continued, inappropriate efforts to argue the merits of the trial court’s allowance of the defendant’s summary judgment motion, the scope of this appeal is necessarily restricted to two issues; namely, whether the trial court had the authority to dismiss the plaintiff’s appeal and, if so, whether the court properly exercised such authority in this case.[1]
1. The District/Municipal Court Rules for Appellate Division Appeal do not expressly grant authority to a trial court to dismiss an appeal for failure to comply with those Rules.[2] However, as the Appeals Court has noted:
Courts have the inherent power to dismiss an action which the plaintiff has not prosecuted diligently.... That power is derived from the ‘right and the duty to keep the judicial system in efficient operation.’... Due process considerations may set the outer limits to the exercise of that power where there is an unreasonable deprivation of the right to be heard upon adequate notice and in accordance with suitable procedures,... but those limitations are not equally at work where, after a full and fair hearing on the merits, it is the appeal which may be dismissed [Citations omitted].
Macuica v. Papit, 31 Mass. App. Ct. 540, 544 (1991). See Bucchiere v. New England Tel. & Tel. Co., 396 Mass. 639, 641 (1986); National Grange Mut. Ins. Co. v. Walsh, 27 Mass. App. Ct. 155, 156-157 (1989); Anderson v. Sport Lounge, Inc., 27 Mass. App. Ct. 1208, 1209 (1989).
Recognition of the power of the trial court to dismiss an appeal is consistent with prior procedure under former Dist./Mun. Cts. R. Civ. R, Rule 64(c) (6), which provided that “[i]f the party requesting the report has failed to comply with the statutes or any of these rules applicable to draft reports, the [trial] justice may dismiss it. ...”[3] The correctness of a trial judge’s Rule 64(c) (6) dismissal could then be appealed to this Division upon the appellant’s filing of a new draft report raising that issue. We do not interpret the 1994 replacement of Rule 64 by the District/ Municipal Court Rules for Appellate Division Appeal as in any way designed or intended to frustrate a trial courts necessary ability to insure that an appeal is diligently and properly prosecuted. In particular, we do not construe Dist./Mun. Cts. R. A. D. A., Rule 3 (a) as reserving for the Appellate Division alone the authority to dismiss an appeal. Rule 3(a) provides, in relevant part:
*191 Failure by an appellant to take any step other than the timely filing of a notice of appeal and payment of the filing fee shall not affect the validity of the appeal, but shall be ground only for such action as the Appellate Division deems appropriate, which may include the dismissal of the appeal.
The almost identical language of Mass. R. A. R, Rule 3(a) has been interpreted as granting to the appellate court, and not the trial court, the “broad authority to consider whether equity requires that procedural flaws be overlooked” and as permitting the appellate court’s “reinstatement of an appeal erroneously or unfairly dismissed” by the trial court. Macuica v. Papit, supra at 545. See also, Doten v. Doten, 395 Mass. 135, 140 (1985). Thus Rule 3(a) does not eliminate a trial court's inherent power to dismiss a non-complying appeal, but instead affords this Division the additional authority, even after a trial court’s finding of inexcusable neglect and appeal dismissal, to “exercise our own independent judgment as to what is ‘appropriate’ in the circumstances of a given case, even though we may conclude that the [trial] court did not err as a matter of law in dismissing the appeal.” Tammaro v. Colarusso, 11 Mass. App. Ct. 44, 49 (1980). See also Mailer v. Mailer, 387 Mass. 401, 407 (1982).
Finally, recognition of the authority of a trial court to dismiss a non-complying appeal does not prejudice an appellant, who retains the right to seek review of the order of dismissal, as was done here. See generally, Zieminski v. Berkshire Div., Probate & Family Court, 408 Mass. 1008, 1009 (1990); Catalano v. First Essex Sav. Bank, 37 Mass. App. Ct. 377, 384 (1994). Conversely, such authority is necessary to promote the finality of judgments, an interest shared by both the appellee and the trial court “Appellees, particularly, are entitled to the progress of appeals with reasonable dispatch and to some protection against purposeful stretching out of appellate proceedings.” Points East, Inc. v. City Council of Gloucester, 15 Mass. App. Ct. 722, 726 (1983). In the absence of such authority, an appellee would be compelled, despite having prevailed at trial, to take the initiative and seek dismissal in the Appellate Division — a potentially more onerous procedure than that available in the trial court. A trial court would be unable to rid its docket of appeals effectively abandoned by neglectful parties, and would be forced to ignore blatant disregard of appellate rules in active cases. Appeals would inevitably reach this Division late and in improper form. Finally, we would be left to address procedural issues without benefit of the trial court’s input on the circumstances relevant to any alleged failure to comply with the rules. See, e.g., Marino v. Kandris, 1997 Mass. App. Div. 129, 131 n. 4.
2. Having determined that the trial court had the power to dismiss this appeal, we further conclude that such power was properly exercised in the circumstances of this case.
It is obvious that the plaintiff failed to prosecute its appeal in a timely fashion. Its initial neglect in not filing a notice of appeal within the ten day period mandated by Rule 4(a) was excused upon the trial court’s allowance of an extension. However, after filing its late notice, the plaintiff was required to “treat that step as something more than taking out an option to appeal.” Points East, Inc. v. City Council of Gloucester, supra at 726. Specifically, the plaintiff was obligated “to perfect [its] appeal in accordance with one of the three alternative methods of appeal set forth in Dist./ Mun. Cts. R. A. D. A., Rules 8A, 8B or 8C.” Miller v. Scannell, 1997 Mass. App. Div. 166, 167. See also Scalia v. Liberty Mut. Ins. Co., 1995 Mass. App. Div. 69, 70. Thus the plaintiff should have filed either a Rule 8A “Expedited Appeal” within twenty days of the filing of its notice of appeal, a Rule 8B “Agreed Statement” of the case within thirty days of its notice, or a Rule 8C “Appeal on the Record of Proceedings” within thirty days. It did none of the above. Instead, forty-three days later, the *192 plaintiff attempted to file a late expedited appeal by seeking still another extension of time from the trial court.
Arguing only that the denial of that motion and the dismissal of its appeal were error because contrary to “the strong judicial preference” for resolving matters on the merits, the plaintiff has made no attempt in its brief to this Division to justify its second misstep in the appellate process. Nor did the plaintiff do so in the trial court. In its motion for an extension, the plaintiff claimed that it required additional time because the trial court clerk failed to issue prompt notice that its motion to file a notice of appeal late had been allowed, an assertion belied by the fact that the plaintiff filed its notice of appeal and filing fee on the same date the court allowed its motion. The plaintiff also claimed that the clerk failed to issue notice that the plaintiffs notice of appeal had been filed and docketed. No such notice is, however, required by the District/Municipal Court Rules for Appellate Division Appeal. 1116 onus is on the appellant to file and serve a notice of appeal and then to proceed within the time provided to select a method of appeal without further notice from the trial court.[4] Moreover, “[i]t is the obligation of counsel, not of the clerk, to monitor the progress of their cases.” Brown v. Quinn, 406 Mass. 641, 644 (1990). And, as a practical matter, the plaintiff could not reasonably argue that it required notice from the trial court clerk of its own filing of a notice of appeal. In short, the plaintiff failed to demonstrate the “good cause” required by Rule 14(b) for an enlargement of time[5] for filing an expedited appeal, Miller v. Kim-melman, 1997 Mass. App. Div. 135, 136, and there was thus no error in the trial court’s denial of the plaintiff’s motion.
Appeal dismissed.
So ordered.

 In any event, the plaintiff’s attempted arguments on this appeal are identical to the legal claims it advanced in related appeals which were heard with this case on May 20, 1998. We held that the plaintiff’s allegations of trial court error in those cases were devoid of merit. See Associated Chiropractic Services, Inc. v. The Travelers Insurance Co., 1998 Mass. App. Div. 167.

 Compare Rule 10(c) of the Massachusetts Rules of Appellate Procedure, governing appeals to the Supreme Judicial Court and Appeal Court, which provides that “ [i] f any appellant in a civil case shall fail to comply with Rule 9(c) or Rule 10(a) (1) or (c), the lower court may... dismiss the appeal, but only upon a finding of inexcusable neglect.”

 See, e.g., Davis v. Worcester, 1995 Mass. App. Div. 27, 28; Bonasoro v. CMC Assoc., Inc., 1988 Mass. App. Div. 99.

 Compare Mass. R. A R, Rule 3(d) which provides: “The clerk of the lower court shall serve notice of the filing of a notice of appeal by mailing a copy thereof to counsel of record for each party other than the appellant.... The clerk shall note on each copy served the date on which the notice of appeal was filed.” Even under this Rule, however, no notice is sent to the appellant.

 “Good cause” under Rule 14(b) does not “depart substantially’ from the “excusable neglect” requirement of Rule 4(c). Bernard v. United Brands Co., 27 Mass. App. Ct. 415, 418 n. 8 (1989). Excusable neglect “calls for unique or extraordinary circumstances ... [and] does not embrace a flat mistake of counsel about the meaning of a statute or rule or other garden variety oversights.” Mailer v. Mailer, supra at 406.