Merrigan, J.[1]
This is an appeal from the dismissal by the trial court of the defendant Construction Materials, Inc.’s appeal from a finding in the trial court The relevant background is as follows: After a bench trial in the Fitchburg District Court a judgment for the plaintiff Whitney & Son, Inc. entered on August 15,2000. Construction timely filed a notice of appeal. On September 25,2000, a cassette copy of the trial was sent by the clerk’s office to Construction. On March 20,2001, Whit *75 ney filed a motion to dismiss Construction’s appeal for Mure to take action to perfect the appeal. The trial judge allowed the motion to dismiss.
Construction argues that the trial judge had no authority to dismiss the appeal. We agree. Nevertheless, exercising our authority pursuant to Dist/Mun. Cts. R A. D. A, Rule 3(a), we dismiss the appeal.
Although under prior procedure the trial judge had authority to dismiss an appeal when a party failed to adhere to appellate requirements, see Dist/Mun. Cts. R Civ. E, Rule 64(c)(6), in the absence of explicit authority, we do not construe the new rules replacing Rule 64 as granting by analogy such authority to trial court judges.[2] Cases upholding dismissals of appeals by the trial court have done so on the strength of specific authority conferred on tiie trial court by rule. For example, the dismissal of appeal by the trial judge was affirmed in Adoption of Simone, 427 Mass. 34 (1998) where dismissal was authorized by Mass. R A P., Rule 10(c). “Under our procedure, a motion to dismiss an appeal because of the appellant’s violation of Rule 9(c) is made to the lower court” Vyskocil v. Vyskocil, 376 Mass. 137, 139 (1978). Rule 9(e) specifically allocates to the trial court certain authority and to the appellate court certain authority and in so doing limits tiie authority of the trial court “The lower court for cause shown may extend the time for complying with the requirements of paragraph (c) of this rule. A request for extension [to the trial judge] must be made within the time originally prescribed or within an extension previously granted. If the lower court is without authority to grant the relief sought or has denied a request therefor, the appellate court or a single justice may on motion for cause shown, and upon such terms as it may deem proper, extend the time for complying with the requirements of paragraph (c) of this rule.” Rule 9(e).
Whitney relies on Associated Chiropractic Services, Inc. v. Travelers Insurance Company, 1998 Mass. App. Div. 189 which holds that a trial judge in the District Court has “inherent authority” to dismiss an appeal if a party fails to prosecute the appeal. That case dtes Maciuca v. Papit, 31 Mass. App. Ct. 540 (1991), for tiie proposition that the trial judge has such inherent authority. However, Maciuca v. Papit reviewed on appeal a dismissal where the trial judge acted pursuant to a specific grant of authority.[3] Maciuca v. Papit discusses the inherent authority of the trial court to dismiss cases where the parties in the trial court had Med to perform functions related to the trial process. The “inherent authority” referred to in Maciuca v. Papit (and the line of cases it cites) does not involve dismissal of an appeal by the trial judge where the rules specifically confer that authority on the appellate court and tiie rule makes no mention of cognate authority in the trial court Moreover, citing Rule 3, on which Associated Chiropractic Services relies, the Appeals Court in Maciuca v. Papit states, “More to the point is Mass.RAE 3(a)... which is available whenever there is a Mure of the appellant ‘to take any step’... which grants to an appellate court, not the trial court, the broad authority to consider whether equity requires that procedural flaws be overlooked.” Id. at 545 (emphasis added).
*76 Despite our determination that the trial court acted without authority in dismissing the appeal, our review of the record leads us to the conclusion that dismissal is entirely warranted.[4] Construction filed its notice of appeal from the findings of the trial judge on August 22,2000. On March 20, 2001, Whitney filed a motion to dismiss because Construction had not taken any action on the appeal in over six months. Construction’s explanations concerning problems in ordering the trial tapes are not persuasive nor do they otherwise demonstrate mitigating circumstances. Moreover, we have reviewed the record in the case and have had the benefit of appellate argument concerning issues in the original appeal. In substance, the underlying appeal challenges the factual findings on credibility grounds of the lower court and presents little, if any, likelihood of success on appeal. Accordingly, we order the appeal dismissed.
Thus, we reverse the allowance of the motion to dismiss entered by the trial judge. On our own motion, however, we order the dismissal of Construction’s appeal.

 Justice Merrigan resigned from the District Court after filing, but before publication, of this opinion. We recognize that this opinion is not in accord with that of the Northern Division of this court in Associated Chiropractic Services, Inc. v. Travelers Insurance Company, 1998 Mass. App. Div. 189, which held that a judge has inherent authority to dismiss an appeal. We agree, however, that a judge should have such authority and urge the amendment of Dist/Mun. Cts. RA.D.A, Rule 3(a), to grant judges the express authority to dismiss appeals for want of prosecution prior to transmission of the appeal to the appellate division.

 Rule 64 encompassed the draft report appellate procedure that pre-existed our current rule and by its very nature, dismissal for failure to comply with Rule 64 was an inherent part of the draft report function, i.e., Rule 64(c) (6) provided in part, “If the party requesting the report has failed to comply with the statutes or any of these rules applicable to draft reports, the [trial] justice may dismiss it...”

 “If any appellant in a civil case shall fail to comply with Rule 9(c) or Rule 10(a) (1) or (3), the lower court may, on motion with notice by any appellee, dismiss the appeal, but only upon a finding of inexcusable neglect; otherwise, the court shall enlarge the appellant’s time for taking the required action. If, prior to the lower court’s hearing such motion, the appellant shall have cured the noncompliance, tiie appellants compliance shall be deemed timely.” M. R A E, Rule 10(c).

 Although not argued as a motion to dismiss before us, the merits of the issue were thoroughly presented and reviewed at oral argument by the Appellate Division panel in the context whether the trial judge, assuming he had discretion to dismiss the appeal, properly exercised that discretion. Accordingly, Construction is not prejudiced by our determination that dismissal is appropriate.