Merrick, PJ.
On April 5, 2004, the defendant filed a timely notice of appeal of the allowance of summary judgment in favor of the plaintiff. On May 5,2004, the defendant filed an “appeal on the record of proceedings” designating its selection of a Dist./Mun. Cts. R A. D. A., Rule 8C, method of appeal. The Rule 8C designation stated that a transcript was not necessary for the defendant’s appeal. The defendant took no further action to perfect its appeal and made no inquiries as to its status for the next seven months. See, as to appellant’s obligation to expedite appeal, McCarthy v. O’Connor, 398 Mass. 193, 199 (1986); Patten v. Mayo, 23 Mass. App. Ct. 657, 658-659 (1987); Moeder v. Tolczyk, 2002 Mass. App. Div. 69. On December 16, 2004, the plaintiff filed a motion to dismiss the appeal. The motion was allowed, and the defendant has appealed that order of dismissal.
There is no merit in the defendant’s sole contention[1] that a trial judge lacks the authority to dismiss an appeal. In so arguing, the defendant relies upon Whitney & Son, Inc. v. Construction Materials, Inc., 2002 Mass. App. Div. 74, a minority decision by the Western District of the Appellate Division. The court ruled in that case that the former authority of a District Court trial judge to dismiss an appeal for failure to adhere to procedural requirements was dependent upon, and expired with, Dist./Mun. Cts. R Civ. P., Rule 64(c)(6). Whitney expressly disagrees with a decision of this Northern District of the Appellate Division in which, citing a long line of cases, we ruled: “‘Courts have the inherent power to dismiss an action which the plaintiff has not prosecuted diligently. That power is derived from the right and the duty to keep the judicial system in efficient operation.’” Associated Chiropractic Services, Inc. v. Travelers Ins. Co., 1998 Mass. App. *94 Div. 189, 190, quoting Macuica v. Papit, 31 Mass. App. Ct. 540, 544 (1991). See also Norfolk Financial Corp. v. Wynn, 2002 Mass. App. Div. 192[2] (Appellate Division, Southern District). The Appeals Court seems to agree.
For the reasons articulated by the Appellate Division in Associated Chiropractic Services, Inc. v. Travelers Ins. Co., 1998 Mass. App. Div. 189, 190-191, we have no doubt that the judge had power on his own to order such dismissal where, as here, the defendants’ appeals had not yet been transmitted to the Appellate Division.
Chrystal Construction Corp. v. Hartigan, 56 Mass. App. Ct. 324, 331 n.5 (2002).
The dismissal of the defendant’s appeal is affirmed.
So ordered.

 The plaintiff requested a cassette copy of the trial court tape of the summary judgment motion hearing for its own use. It is unnecessary to address the defendant’s contention that the tape order by the plaintiff-appellee somehow excused it from taking further action on its own appeal until the plaintiff did something about a transcript or perhaps disclosed the purpose of its tape order. Obviously, an appel-lee has no obligation to have a transcript prepared and filed.

 The Appellate Division, Southern District stated: “As observed by the Appeals Court, the lack of an express grant of authority to the trial court to dismiss an appeal for failure to comply with the rules is not an impediment because courts possess inherent authority to dismiss an appeal for failure to diligently prosecute the same.” Id.