Greco, PJ.
In his complaint, brought in 2002, the plaintiff, Robert Jackson (“Jackson”), sued the defendant, Kristen Mitchell (“Mitchell”), to recover damages for her failure to pay for hay he had sold her beginning in 1991. In 2003, after a bench trial, a judgment entered for Jackson with damages awarded in the amount of $24,128.41. An execution issued. Over four years later, a different judge was presented with various motions whereby Mitchell argued that she had been denied her right to appeal fully from that judgment.
To back up, after the original trial, Mitchell appealed to this Division, which, on August 26, 2003, issued an order affirming the judgment of the trial court. On September 2, 2003, the following entry was made on the trial court’s docket: “Decision and Order of the Appellate Div. finding Judgment affirmed.”[1] The docket also indicates that copies of that decision and order were mailed to both parties. Upon the plaintiffs request, an execution on the judgment issued on September 30, 2003. Two days later, Mitchell filed a “Notice of Appeal” to the Appeals Court from the “order and opinion of the Appellate Division.” The notice was appropriately filed in the trial court. See G.L.c. 231, §109. It stated that the appeal was from the order ‘“judgment affirmed’ (and any final judgment implied or entailed) entered on the docket in this action on September 2, 2003 to the extent that order as entered is an appealable event.” On October 27, 2003, Mitchell’s attorney notified the trial court that he had been suspended from the practice of law for one year. Nothing happened in the case for over four months. On March 3, 2004, Jackson filed a motion to dismiss the appeal to the Appeals Court, which was allowed on March 17. Over the next four years, the only activity in the case related to Jackson’s request for attorney’s fees, which was initially allowed in the spring of 2006 and then denied in the spring of 2007. It was not until January 4, 2008 that Mitchell sought to rekindle her lapsed appeal by filing a motion to “vacate and expunge dismissal of appeal.” The stated grounds for that motion did not relate to the entry of judgment, but only to the authority of a trial court “to dismiss an appeal to an appellate court from its own judgment.” It is clear that the trial judge had such authority. See Crystal Constr. Corp. v. Hartigan, 56 Mass. App. Ct. 324, 331 n.5 (2002); Associated Chiropractic Servs., Inc. *7 v. Travelers Ins. Co., 1998 Mass. App. Div. 189, 190-191. It is also clear, for the reasons articulated by the trial judge, that Mitchell’s “procedural missteps [were] sufficiently egregious,” MCS Enters., Ltd. v. Henry, 2005 Mass. App. Div. 72, 74, and “so repugnant to the procedural scheme, so destructive of its purposes, as to call for dismissal of the appeal.” Schulte v. Director of the Div. of Employment Sec., 369 Mass. 74, 79 (1975).
Mitchell does not dispute that she failed to prosecute her appeal after filing a notice of appeal. Relying on Dist./Mun. Cts. R. A. D. A., Rule 28 and Mass. R. Civ. R, Rule 58(a), she argues, however, that no action was required since her notice of appeal had been prematurely filed and thus of no legal effect. Accordingly, she argues, the clock has not even started to run on her obligation to file a valid notice of appeal. Rule 28 provides that upon receipt of a decision and order from the Appellate Division, the clerk of the trial court “shall prepare, sign and enter judgment,” and “[f]ollowing entry of judgment, ... shall forthwith send to the parties notice of entry of judgment.” Rule 58(a) provides that “[e] very judgment shall be set forth on a separate document.” Since there was no such separate form setting out the judgment in this case, Mitchell argues that the time for her to take an appeal has not begun to run. See Mass. R. A. R, Rule 4(a), governing appeals to the Supreme Judicial Court and the Appeals Court: “[T]he notice of appeal... shall be filed with the clerk of the lower court within thirty days of the date of the entry of the judgment appealed from. ...” That being her position, Mitchell asked the trial court to enter a “proper entry of judgment” so that she could pursue the appeal that she had left dormant for five years.
While Mitchell’s argument has some superficial appeal at first glance, it simply does not hold up upon a closer look. Under rule 4(a), the thirty days runs from the date of the entry of judgment. There is no reference as to how that entry is made or to the requirement of a separate document. Here, the docket noted the decision and order of the Appellate Division. A reading of that decision, which was mailed to the parties, would make it abundantly clear to Mitchell that this Division had ordered that the judgment against her be affirmed. ‘The entry of a final judgment on a separate piece of paper as an invariable precondition for maintaining an appeal has lost its force....” Hodge v. Klug, 33 Mass. App. Ct. 746, 751 (1992), and cases collected therein.[2] Moreover, “[t]hat portion of rule 4(a)... which can render a notice of appeal premature applies specifically” to situations where a motion has been filed that “has the potential for altering the judgment, and it is for that reason that a notice of appeal filed before disposition of such a motion is, as the rule says, of ‘no effect.’” Id. at 750. See also Anthony v. Anthony, 21 Mass. App. Ct. 299, 301 (1985) (‘There was little point in having an appeal work its way up the ladder from a judgment which might be altered.”). No such motion (for example, a motion for judgment notwithstanding *8 the verdict or a motion for a new trial) was filed in this case before or after Mitchell filed her notice of appeal. Mitchell apparently was not confused five years ago when she filed her notice of appeal. She cannot now use that action, appropriate at the time, to excuse years of inaction.
Finally, Mitchell’s reliance on Zielinski v. Connecticut Valley Sanitary Waste Disposal, Inc., 70 Mass. App. Ct. 326 (2007) is misplaced. In that case, a landlord-tenant matter, the landlord against whom summary judgment entered took no action to claim an appeal. A separate judgment never entered. Seven years later, the landlord moved for entry of judgment. Upon allowance of that motion, the landlord then filed a notice of appeal. The tenant moved to dismiss that appeal. In allowing the appeal to go forward, the Appeals Court noted that strict compliance with the separate-entry-of-a-judgment mandate has not been required where such compliance would prevent a “technically premature” appeal from going forward. Id. at 331. Here, Mitchell’s appeal was dismissed not for her failure to file a timely notice of appeal, but for her inaction thereafter. See id. at 329, quoting Fiore v. Washington County Community Mental Health Ctr., 960 F.2d 229, 236 (1st Cir. 1992) (“When a party allows a case to become dormant for such a prolonged period of time, it is reasonable to presume that it views the case as over. A party wishing to pursue an appeal and awaiting the separate document of judgment from the trial court can, and should, within that period file a motion for entry of judgment. This approach will guard against the loss of review for those actually desiring a timely appeal while preventing resurrection of litigation long treated as dead by the parties” [emphasis supplied]).
Accordingly, there was no error in denying Mitchell’s motion for entry of a final judgment In these circumstances, it was also appropriate to issue a new execution.
Judgment affirmed.
So ordered.

 The decision and order specifically ordered “ [t] hat the Clerk of the Marlborough Division make the following entry in said case on the docket of said Court, namely: JUDGMENT AFFIRMED.”

 In one of the cases cited, Lewis v. Emerson, 391 Mass. 517 (1984), it was held that “where ... a ‘judgment’ is visually distinct from other parts of the document in which it is contained, such that no confusion can exist concerning its import, and the ‘judgment’ is noted on the court’s docket, the requirement of rule 58 (a) will be considered met” even though “the better practice calls for the preparation of a separate document of judgment” Id. at 520.