NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-470

ELAINE M. SHEA

vs.

MASSACHUSETTS TEACHERS' RETIREMENT SYSTEM & another.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After more than fifty years of teaching in both private and public schools, the plaintiff retired.  Her work as a public school teacher entitled her to certain retirement benefits, including the ability, under certain circumstances, to "buy back" service rendered at nonpublic schools for credit towards the public school retirement benefit.  See G. L. c. 32, §§ 1-28A.  The plaintiff applied to the Massachusetts Teachers' Retirement System to purchase credits towards her retirement from the time that she worked as a private school teacher in the employ of the Archdiocese of Boston, beginning in 1970.[2]  The

_____

[1] Contributory Retirement Appeal Board.
[2] In her papers, the plaintiff references service from 1970 to 2000.  The teachers' retirement board references service from September 1970 to June 1973.

teachers' retirement system denied her request, determining that this service was not creditable because she was eligible for social security benefits during the service. See G. L. c. 32, § 3 (4A) (no credit allowed for service if employee entitled to retirement allowance by Federal government); Rosing v. Teachers' Retirement System, 458 Mass. 283, 285 n.5 (2010) (G. L. c. 32, § 3 [4A] governs purchase of nonpublic school service prior to 1973).

The plaintiff appealed the denial, which was assigned to the Division of Administrative Law Appeals (division). In response to the division's order to show cause why her appeal should not be dismissed for failure to state a claim upon which relief may be granted, the plaintiff did not dispute that she was eligible for social security benefits with respect to her private school employment (which made that service noncreditable); however, she additionally referenced G. L. c. 32, § 4 (1) (p), as a source of her entitlement. The division issued a dismissal on summary disposition, noting that the plaintiff failed to offer any evidence that "the tuition of all such pupils taught [while she worked for the Archdiocese of Boston] was financed in part or in full by the commonwealth" as required by G. L. c. 32, § 4 (1) (p). The plaintiff further appealed to the Contributory Retirement Appeal Board (board), which affirmed the division's decision.

The plaintiff then sought Superior Court review of the board's decision. In April 2021, the board served and filed the administrative record in answer to the complaint. The plaintiff was to file a motion for judgment on the pleadings within thirty days of service of the administrative record. See Superior Court Standing Order 1-96. Having received no response from the plaintiff, on January 25, 2022, the court issued a "Notice of Dismissal for Lack of Prosecution of G. L. c. 30A Appeal." The notice specifically advised the plaintiff that the action would be dismissed unless she notified the court within thirty days that she had served a motion for judgment on the pleadings on the defendant. The plaintiff failed to do so, and the case was dismissed on March 2, 2022. The plaintiff thereafter filed a timely notice of appeal.

The sole issue for consideration in this appeal is whether the judge abused her discretion in dismissing the plaintiff's complaint. See Bucchiere v. New England Tel. & Tel. Co., 396 Mass. 639, 641 (1986) (dismissal for failure to prosecute committed to sound discretion of court). An abuse of discretion is a decision that "falls outside the range of reasonable alternatives." L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).

Here, it appears that the plaintiff did nothing to prosecute the case after the initial filing of the complaint.

3

Approximately nine months after the administrative record was filed, the court notified the plaintiff of the impending dismissal and instructed her as to what she needed to do to avoid dismissal.[3]  Still, the plaintiff took no action.  Under the circumstances, the judge was well within her discretion to dismiss the case.  See Maciuca v. Papit, 31 Mass. App. Ct. 540, 544 (1991) (court has inherent power to dismiss action which plaintiff has not prosecuted diligently).[4]

Judgment affirmed.

By the Court (Sullivan, Desmond & Singh, JJ.[5]),

*Joseph F. Stanton*

Clerk

Entered: May 24, 2023.

_____

[3] We note that the "Notice of Dismissal for Lack of Prosecution of G. L. c. 30A Appeal" does not appear in the Superior Court docket, though the document itself indicates that notice was given to all parties.  On appeal, the plaintiff makes no argument regarding lack of notice.
[4] The plaintiff's brief does not address the procedural issue that led to the dismissal of her complaint; it only addresses the merits of her underlying claim.  Although the merits are not before us, the plaintiff's brief fails to provide any basis on which we could conclude that the board's decision is erroneous.
[5] The panelists are listed in order of seniority.

4